FILED

12 DEC -6 AM 10:20

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRADY and PATRICIA M. BRADY,<br><br>Plaintiff,<br><br>vs.<br><br>GRENDENE USA, INC. and GRENDENE S.A.,<br><br>Defendant. | CASE NO. 12cv604-GPC (KSC)<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL THE DEPOSITIONS OF DAL BO AND GRENDENE S.A. IN FLORIDA**<br><br>[Doc. No. 34] |

On August 31, 2012, the parties filed a Motion to Compel the Deposition of Dal Bo and Grendene S.A. in Florida and Joint Memorandum of Points and Authorities in support thereof. ("Motion"). Plaintiffs seek to compel the depositions of Mr. Marcius Dal Bo and defendant Grendene S.A.'s 30(b)(6) representative in Florida. [Doc. No. 34]. Defendants question the need for further depositions, citing that discovery has been opened only for the limited purpose of discovering information related to personal jurisdiction, and assert that if the depositions are to proceed, they should be conducted in Brazil, the location of Grendene S.A.'s principal place of business.

Based on the arguments presented, and for the reasons set forth below, the Court **DENIES** Plaintiffs' Motion **WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiffs, James W. Brady and Patricia M. Brady, instituted this action by filing their initial Complaint on March 9, 2012. [Doc. No. 1]. A First Amended Complaint ("FAC") was thereafter

filed on March 16, 2012. [Doc. No. 4]. Plaintiffs allege that defendants Grendene USA and Grendene S.A. improperly use the name "iPanema" on their sandals which are sold in California, creating a likelihood of confusion with plaintiffs' products which are sold in California and elsewhere. [Doc. No. 4]. Plaintiffs assert claims for (1) trademark infringement under 15 U.S.C. § 1114; (2) false designation or origin under 15 U.S.C. § 1125(a)(3); (3) unfair competition under CAL. BUS. & PROF. CODE § 17200; (4) unfair competition under California common law; and, (5) cancellation of Grendene S.A.'s U.S. Trademark Registration No. 1,908,543 for the mark "IPANEMA" in connection with footwear. [Doc. No. 4].

In response to the FAC, on May 2, 2012, defendants filed a Motion to Dismiss, or in the alternative, Motion to Transfer, on grounds that the Court lacks personal jurisdiction over foreign defendant Grendene S.A. [Doc. No. 13]. On July 7, 2012, United States District Judge William Q. Hayes determined that plaintiffs had made a "colorable" showing of jurisdiction, thereby justifying limited discovery on the issue of personal jurisdiction. [Doc. No. 31, pp. 6-7, citing *Mitan v. Feeney*, 497 F. Supp. 2d 1113, 1119 (C.D. Cal. 2007)]. As stated, a "more detailed showing of the facts would aid the Court in determining whether, on the issues of control and importance, the exercise of jurisdiction over Grendene S.A. [is proper]." [Doc. No. 31]. The Court abstained from ruling on the merits of defendants' Motion to Dismiss, and granted plaintiffs' request to conduct limited jurisdictional discovery. [Doc. No. 31].

Plaintiffs thereafter proceeded with "limited" jurisdictional discovery by serving six deposition notices, 109 document requests, 68 requests for admission, and a third party subpoena. [Doc. No. 33, p. 1, lns. 24-27].[1] Defendants objected to the depositions of Mr. Dal Bo (the marketing manager for Grendene S.A.), and the noticed Rule 30(b)(b) deposition of defendant Grendene S.A.

## LEGAL STANDARD

A district court has discretion to permit or deny jurisdictional discovery. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). Here, the Court found a "colorable" showing that personal jurisdiction may be exercised over defendant Grendene S.A. [Doc. No. 31]. Accordingly,

---

[1] The Motion states that two deposition notices and 44 requests for admission were thereafter withdrawn; the Motion does not specify which two depositions were withdrawn.

1  the Court allowed for limited jurisdictional discovery for sole the purpose of investigating whether
2  this Court has jurisdiction over defendant Grendene S.A. [Doc. No. 31].
3      The scope of discovery under Rule 26(b) is broad: "[p]arties may obtain discovery
4  regarding any matter, not privileged, which is relevant to the claim or defense of any party involved
5  in the pending action. Relevant information need not be admissible at trial if the discovery appears
6  reasonably calculated to lead to the discovery or admissible evidence." FED.R.CIV.P. 26(b).
7  However, on motion or on its own motion, a court may limit discovery of relevant material if it
8  determines that the discovery sought is unreasonably cumulative or duplicative, or obtainable from
9  some other source that is more convenient, less burdensome, less expensive, or the burden or
10 expense of the proposed discovery outweighs the likely benefit. FED.R.CIV.P. 26(b)(2)(c).
11 Generally, the party resisting discovery bears the burden of showing that the requested discovery is
12 irrelevant to the issues or is overly broad, unduly burdensome, unreasonable, or oppressive.
13 *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010). If the resisting party
14 meets its burden, the burden shifts to the moving party to show the information is relevant and
15 necessary. *Id.*

## DISCUSSION

17      Plaintiffs noticed the depositions of defendant Grendene S.A. and Mr. Dal Bo, and ask this
18 Court to order the depositions to proceed in Florida. The general rule is that depositions of
19 corporate agents and officers should be taken at the corporation's principal place of business or at
20 the agent's place of domicile. *Lewis v. Ford Motor Co.*, 685 F. Supp. 2d 557, 573 (W.D. Pa.
21 2010); *Grey v. Continental Marketing Associates, Inc.*, 315 F. Supp. 826, 832 (N.D. Ga. 1970).
22 This rule, however, is not absolute and district courts have wide discretion in establishing the time
23 and place of depositions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). In this case,
24 it is undisputed that defendant Grendene S.A.'s principal place of business is in Brazil, and that
25 Mr. Dal Bo is a resident of that country. Further, the very basis for issuance of the July 17, 2012
26 Order is the possible lack of jurisdiction over Grendene S.A., which same Order allowed for
27 limited discovery to obtain the necessary factual information for the Court to determine whether it
28 has jurisdiction over Grendene S.A. Accordingly, this Court deems it improper to compel the

1  noticed depositions of foreign parties, over whom jurisdiction has not been established, to proceed
2  in Florida.
3        The Court is satisfied that defendants have met their burden of showing that the requested
4  discovery is unduly burdensome.  Based on the representations made by the parties in the Joint
5  Memorandum [Doc. No. 34], discovery on the issue of jurisdiction is obtainable from written
6  discovery that is more convenient, and less burdensome and expensive.  More specifically, the
7  Court is not convinced the sought-after depositions are appropriate, necessary, or the most efficient
8  means of ascertaining the facts concerning the relationship between Grendene USA and Grendene
9  S.A.  Plaintiffs have failed to establish that the depositions are necessary under the facts of this
10 case.  See *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (S.D. Fla. 2010)
11       Plaintiffs contend that they cannot take the subject depositions in Brazil, as Brazilian law
12 will not permit American lawyers to conduct such proceedings there, and allude to a potential
13 international law issue which might be triggered by American lawyers practicing law in Brazil.
14 [Doc. No. 34].  In support of this assertion, plaintiffs rely on a primer prepared and posted online
15 by the U.S. State Department regarding the potential dangers of the unauthorized practice of law in
16 Brazil.  *Id.*  Reliance on this general posting does not satisfy the Court that depositions are
17 altogether precluded in Brazil.  Further, as analyzed by counsel for defendants, it appears that
18 depositions for use in U.S. legal proceedings can be taken in Brazil, so long as the procedural rules
19 and law of that country are adhered to.  However, the Court need not decide this issue, as the
20 plaintiffs have not effectively articulated why the depositions of representatives of Grendene S.A.
21 on the issue of jurisdiction are necessary at all, as much or all of the same information can likely be
22 obtained from Grendene USA.  To reiterate, the permissible scope of discovery at this time is
23 *limited*.  After a ruling by the Court on the pending Motion to Dismiss [Doc. No. 31], and
24 depending on the substance of that ruling, the parties will have sufficient time to conduct all
25 relevant and necessary discovery.
26       The Court notes that there are other means which plaintiffs can and are pursuing to obtain
27 the information necessary to further brief the jurisdiction issue for the Court.  Discovery
28 propounded by plaintiffs to date include six (6) deposition notices, one hundred nine (109)

document requests, sixty eight (68) requests for admission, and one (1) third party subpoena. [Doc. No. 34, p. 1, ¶3]. Further, the parties have already agreed to proceed with the depositions of Grendene USA's 30(b)(6) representative, and Mr. Angelo Daros (VP of Grendene USA), which will be conducted in Orlando, Florida where Grendene USA is headquartered. [Doc. No. 34, p. 1, ¶2]. Given this volume of discovery, the Court assumes that plaintiffs will be able to obtain all of the necessary information to fully brief the jurisdictional issue for this Court.

In light of the foregoing, and considering that (1) only "limited" jurisdictional discovery has been authorized; (2) the general rule is for parties to travel to the natural location of deponents, in this case, Brazil; (3) depositions of Grendene USA's 30(b)(6) representative and Grendene USA's VP have already been noticed and agreed to; and, (4) other written discovery tools are available and being fully utilized to obtain the requisite information, plaintiffs' request to compel foreign defendants to come to the United Sates for deposition is unreasonable, expensive, and unduly burdensome.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED THAT**:

1. Plaintiffs' Motion to Compel the Depositions of Grendene S.A.'s 30(b)(6) representative and Dal Bo is **DENIED WITHOUT PREJUDICE**.

2. Plaintiffs may proceed with less intrusive discovery, as they were already doing, to obtain information necessary to comply with the July 17, 2012 Order. [Doc. No. 31].

3. Plaintiffs are to contact the Chambers for Magistrate Judge Crawford within three (3) Court days of the issuance of an order on the pending Motion to Dismiss [Doc. No. 31] to set a scheduling conference.

**IT IS SO ORDERED**.

Dated: December 5, 2012

Karen S. Crawford
United States Magistrate Judge