UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRADY and PATRICIA M. BRADY,<br><br>　　　　　　　Plaintiffs,<br>v.<br>GRENDENE USA, INC., a Delaware Corporation, and GRENDENE S.A., a Brazil Corporation,<br>　　　　　　　Defendants,<br><br>AND RELATED COUNTERCLAIMS. | Case No. 3:12-cv-0604-GPC-KSC<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTIONS TO FILE DOCUMENTS UNDER SEAL**<br><br>**(ECF NOS. 90, 97)** |

On July 25, 2014, Plaintiffs filed a motion to file under seal certain documents that Plaintiffs want to submit in opposition to the Motion for Summary Judgment that Defendants filed on May 30, 2014. (ECF No. 97.) Plaintiffs wish to seal:

- "Exhibits 7-12 and 14-15 to the Declaration of James W. Brady (Brady Declaration) and Exhibits 7, 10-12 to the Declaration of Lauren Keller Katzenellenbogan ("Katzenellenbogan Declaration") in support of Plaintiffs' Opposition to Defendants' Motion for Summary Judgment";
- "Plaintiffs' Opposition to Defendants' Motion for Summary Judgment," which contains information from the foregoing exhibits; and

- "Plaintiffs' Response to Defendants' Separate Statement of Undisputed Material Facts in Opposition to Motion for Summary Judgment," which also includes information from the foregoing exhibits.

Plaintiffs assert Exhibits 7-12 and 14-15 to the Brady Declaration include documents that Plaintiffs have designated as "Confidential" or "Confidential - Attorneys' Eyes Only." These documents include correspondence regarding potential licensing or purchase of Plaintiffs' trademark, trade-show invoices, and a business proposal from a third party.

Plaintiffs assert Exhibits 7 and 10-12 to the Katzenellenbogen Declaration include documents that Defendants have designated as "Confidential" or "Confidential - Attorneys' Eyes Only."

Plaintiffs assert "[g]ood cause exists for filing these documents under seal because of the highly sensitive nature of the information in the Exhibits to the Brady Declaration, and because the protective order requires the Plaintiffs to seek leave to file the Exhibits to the Katzenellenbogen Declaration under seal."

The Court concludes Plaintiffs have not met their burden of demonstrating that "compelling reasons" exist to seal the above materials. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (explaining that "compelling reasons," supported by specific factual findings, are required to seal material attached to a dispositive motion).

First, with regard to the exhibits to the Brady Declaration, Plaintiffs' request is too broad. Having reviewed the sealed lodged materials, (ECF No. 98-2), the Court finds the materials contain large swaths of information that do not appear to be as "highly sensitive" as Plaintiffs assert.

Second, with regard to the exhibits to the Katzenellenbogen Declaration, (ECF No. 98-3), the Court notes the Protective Order in this case states that "Protected Material" may only be filed in accordance with applicable law. (See ECF No. 38 ¶ 13(c).) Because the documents Plaintiffs want sealed are in support of a dispositive

motion, the fact that the documents were marked "Confidential" or "Confidential - Attorneys' Eyes Only" does not, by itself, satisfy the "compelling reasons" standard as to the specific pieces of information that Plaintiffs want sealed.  See Kamakana, 447 F.3d at 1183-84.  The Court will therefore deny without prejudice Plaintiffs' Motion to File Documents Under Seal.

Defendants have also filed a motion to file documents under seal. (ECF No. 90.) Defendants seek leave to file under seal Exhibits A, B, F, G, H, N, P, and U to the Quinto Declaration—all in support of the Motion for Summary Judgment that Defendants filed on July 25, 2014, (ECF No. 92).  Defendants assert they are seeking leave to file these materials under seal for the sole reason that Plaintiffs designated them as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to the Protective Order.  Defendants assert that none of these materials should be filed under seal.

Having reviewed the above exhibits, (ECF No. 91-2), the Court agrees with Defendants that there appear to be no "compelling reasons" to file these materials under seal.  The Court will therefore deny without prejudice Defendants' Motion to File Documents Under Seal.

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to File Documents Under Seal, (ECF No. 97), is **DENIED WITHOUT PREJUDICE**.
2. If Plaintiffs wish to renew their request to seal portions of the exhibits to the Brady Declaration, they may do so on or before **August 15, 2014**.  If Plaintiffs do not renew their request to seal portions of the exhibits to the Brady Declaration, the materials now lodged at ECF No. 98-2 "**will remain lodged under seal without further consideration**."  ECF Admin. Policies & Proc. Manual § 2(j).
3. If Defendants wish to file a motion to seal portions of the exhibits to the Katzenellenbogen Declaration that Defendants have marked

"Confidential" or "Confidential - Attorneys' Eyes Only," Defendants may do so on or before **August 15, 2014**. If Defendants do not file such a motion within the time permitted, **the materials will be publicly filed without further order of the Court**.

4. Defendants' Motion to File Documents Under Seal, (ECF No. 90), is **DENIED WITHOUT PREJUDICE**.

5. If Plaintiffs wish to file a motion to seal portions of the exhibits to the Quinto Declaration (filed in support of Defendants' July 25, 2014 Motion for Summary Judgment) that Plaintiffs have marked "Confidential" or "Confidential - Attorneys' Eyes Only," Plaintiffs may do so on or before **August 15, 2014**. If Plaintiffs do not file such a motion within the time permitted, **the materials will be publicly filed without further order of the Court**.

6. Any renewed motion to file documents under seal must demonstrate that "compelling reasons" exist to seal each specific piece of information that the moving party wants filed under seal.

7. To the extent possible, the parties are directed to publicly file redacted versions of any documents containing sealed materials.

DATED: August 8, 2014

HON. GONZALO P. CURIEL
United States District Judge