1

2                                                                    FILED

3                                                          14 SEP 26  PM 2: 23

4                                                          CLERK, U.S. DISTRICT COURT
                                                           SOUTHERN DISTRICT OF CALIFORNIA

5                                                               DV7

6                                                                         DEPUTY

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11   JAMES W. BRADY and PATRICIA          CASE NO. 12cv604-GPC(KSC)
     M. BRADY,
12                                        **ORDER DETERMINING**
                              Plaintiff,  **DISCOVERY DISPUTES; ORDER**
13            vs.                         **AMENDING DISCOVERY**
                                          **SCHEDULE**
14   GRENDENE USA, INC., *a Delaware*
     *corporation*, and GRENDENE S.A., *a*   [Doc. Nos. 68, 70, 74, 88, 101]
15   *Brazil corporation*,

16                            Defendants.

17

18        Before the Court are the parties' (1) Joint Motion for Determination of Discovery

19   Dispute to compel the plaintiffs to appear for depositions; [Doc. 68] (2) Joint Motion

20   for Determination of Discovery Dispute to compel the defendants to respond to the

21   plaintiffs' Interrogatory Nos. 1-7 and 9-15 and Request for Production Nos. 1-85, to

22   compel the defendants and three witnesses to appear for depositions, and to compel the

23   defendants to pay the costs for a defense witness from Brazil to travel to his deposition

24   in Orlando, Florida; [Doc. 70] (3) Joint Motion for Determination of Discovery Dispute

25   to compel the plaintiffs to schedule third-party depositions, to compel the plaintiffs to

26   remove improper confidentiality designations from over 35,000 pages of documents

27   produced in discovery, and to compel the plaintiffs to identify which documents were

28   produced pursuant to initial disclosures; [Doc. 74] and (4) Joint Motion for

Determination of Discovery Dispute to compel the plaintiffs to respond to Defendant's Document Request Nos. 37 and 14.[1]  [Doc. 88]  Both sides further seek attorneys fees under Federal Rule of Civil Procedure 37(a)(5).  For the reasons outlined below, the defendants' request in the first Joint Motion [Doc. 68] is GRANTED, and the parties' requests in the remaining Joint Motions [Docs. 70, 74, 88] are GRANTED in part and DENIED in part without prejudice.  The Court declines to award attorneys' fees.

Having resolved the parties' discovery disputes, the Court also amends the Scheduling Order [Doc. 62] to permit the parties time to complete discovery. Accordingly, the parties' Joint Motion to Extend Pretrial Deadlines [Doc. 101] is DENIED as moot in light of the amended Scheduling Order contained herein.

## I. BACKGROUND

Plaintiffs James W. Brady and Patricia M. Brady instituted this action by filing their initial Complaint on March 9, 2012.  [Doc. 1]  A First Amended Complaint was thereafter filed on March 16, 2012.  [Doc. 4]  The plaintiffs allege that the defendants Grendene USA and Grendene S.A. improperly use the name "iPanema" on their sandals which are sold in California, creating a likelihood of confusion with the plaintiffs' products which are sold in California and elsewhere.  *Id.*  The plaintiffs assert claims for (1) trademark infringement under 15 U.S.C. § 1114; (2) false designation of origin under 15 U.S.C. § 1125(a)(3); (3) unfair competition under California Business and Professions Code § 17200;  (4) unfair competition under California common law; and (5) cancellation of Grendene S.A.'s U.S. Trademark Registration No. 1,908,543 for the mark "IPANEMA" in connection with footwear.  *Id.*

In response to the First Amended Complaint, on May 2, 2012, defendants filed a Motion to Dismiss, or in the alternative, Motion to Transfer, on the grounds that the Court lacks personal jurisdiction over foreign defendant Grendene S.A.  [Doc. 13]

---

[1] The plaintiffs also filed responses in opposition to the Joint Motions. [Docs. 69, 75, 89] In the future, responses to Joint Motions will not be considered as Crawford Chamber Rule V(D) requires that all discovery disputes be brought before the Court in one *joint* filing.

1   Judge Gonzalo P. Curiel denied this motion on August 19, 2013, finding that Grendene
2   S.A. is subject to specific jurisdiction in this case by virtue of its activities,
3   purposefully directed at California. [Doc. 55] The defendants filed their answer on
4   September 3, 2013, and asserted a counterclaim seeking declaratory judgments on
5   noninfringment and invalidity. [Doc. 56] Subsequently, this Court held an Early
6   Neutral Evaluation Conference on December 17, 2013, [Doc. 59] and issued a
7   scheduling order regulating discovery and pre-trial proceedings on February 11, 2014.
8   [Doc. 62]

9       Between May and July, the parties filed four Joint Motions to resolve discovery
10   disputes which provide an overview of the parties' numerous discovery disagreements
11   in this case. [Docs. 68, 70, 74, 88] It appears that the parties reached an initial impasse
12   in April and May over the scheduling of the plaintiffs' depositions. [Doc. 68, pp. 1-3]
13   This, combined with other discovery disagreements, escalated to the point where the
14   defendants resolved to withhold all future responsive discovery and production of
15   witnesses for deposition. [Doc. 70, p. 10] The plaintiffs in turn refused to schedule their
16   own witnesses for depositions. [Doc. 74, p. 11] Now it appears that discovery has come
17   to a standstill, as the parties await this Court's intervention.

18       On July 25, 2014, the defendants filed a Motion for Summary Judgment
19   regarding the likelihood of confusion, which is currently pending before Judge Curiel.
20   [Doc. 92] On August 4, 2014, the parties filed a Joint Motion to Extend Certain Pretrial
21   Deadlines seeking approximately a one-month continuance of deadlines in light of the
22   pending discovery disputes and the Motion for Summary Judgment. [Doc. 101] Before
23   this Court is also the plaintiffs' *ex parte* Motion to Seal Documents Publicly Filed,
24   [Doc. 78] which will be addressed in a separate written order.

25       In the four Joint Motions for Determination of Discovery Disputes pending
26   before this Court, the parties have outlined 13 contested discovery issues. [Docs. 68,
27   70, 74, 88] Taking these 13 issues in the order in which they were raised, the Court will
28   incorporate the parties' responses and provide its analysis in each subsection below.

1

## II. DISCUSSION

2    As a preliminary matter, the Court is unimpressed by the parties' efforts to
3  informally resolve their discovery disputes. Going forward, the parties are admonished
4  to obey both the letter and the spirit of the Federal Rules of Civil Procedure and work
5  together to manage discovery in the most efficient manner practical. These Rules do
6  not permit parties to unilaterally refuse to produce discovery or schedule depositions.

7    The scope of discovery under Rule 26(b) is broad: "Parties may obtain discovery
8  regarding any matter, not privileged, which is relevant to the claim or defense of any
9  party involved in the pending action. Relevant information need not be admissible at
10  trial if the discovery appears reasonably calculated to lead to the discovery of
11  admissible evidence." FED. R. CIV. P. 26(b). This Court has broad discretion when
12  determining relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732,
13  751 (9th Cir. 2002) ("Broad discretion is vested in the trial court to permit or deny
14  discovery, and its decision to deny discovery will not be disturbed except upon the
15  clearest showing that denial of discovery results in actual and substantial prejudice to
16  the complaining litigant.") (internal citations omitted). However, this discretion should
17  be balanced with the obligation to interpret the Rules in order to secure a "just, speedy,
18  and inexpensive determination" of the action. FED. R. CIV. P. 1.

19    When a discovery dispute arises, the party seeking to compel discovery has the
20  burden of establishing that its request satisfies the relevancy requirements of Rule
21  26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995). Thereafter,
22  the party opposing discovery has the burden of clarifying, explaining or supporting its
23  objections. *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002), *citing*
24  *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). Those opposing
25  discovery are "required to carry a heavy burden of showing" why discovery should be
26  denied. *Blankenship,* 519 F.2d at 429.

27    "Complete and accurate responses to discovery are required for the proper
28  functioning of our justice system... [and] parties have a duty to provide true, explicit,

responsive, complete and candid answers to discovery [.]" *Skinner v. Ryan*, CV-12-1729-PHX-SMM (LOA), 2014 WL 3064897, at *4 (D. Ariz. July 7, 2014), *citing Wagner v. Dryvit Sys., Inc.*, 208 F.R.D. 606, 609-10 (D. Neb. 2001). "Providing false or incomplete discovery responses violates the Federal Rules of Civil Procedure and subjects the offending party and its counsel to sanctions." *Id.* Moreover, Rule 26(e)(1) requires a party to amend prior responses if that party learns that the response is incorrect in some material respect, or if additional or corrective information comes to light that has not otherwise been made known to the other parties during the discovery process.

### III. DEFENDANTS' REQUEST TO COMPEL PLAINTIFFS' DEPOSITIONS [DOC. 68]

In the first Joint Motion, the defendants request that this Court compel the plaintiffs' depositions. For the reasons explained below, the defendants' request to compel is GRANTED, and the depositions shall occur within 21 days of this order.[2]

Between March 31 and April 2, 2014, the plaintiffs served deposition notices for defendants Grendene USA and Grendene S.A. and three individuals, setting the depositions for dates between May 9 and May 16, 2014. [Doc. 70-2, Exs. 3-7] The defendants thereafter noticed the depositions of the plaintiffs for April 21, 2014. [Doc. 68-1, Exs. M-N] Defense counsel had previously requested on or about April 9, 2014,[3] convenient dates and times to depose the plaintiffs, via emails and telephone calls to the plaintiffs' counsel. *Id.* at pp. 6-7, Exs. I, L. After receiving no response to his inquiry, the defendants served deposition notices setting the deposition dates for May 6 and May 19, 2014. *Id.* at Exs. M-N. The plaintiffs' counsel thereafter informed defense counsel that the plaintiffs would not be available on those dates in May, but could be deposed on June 24 and June 26, 2014, "provided that the depositions of

---

[2]The defendants requested that this Court compel the plaintiffs' depositions within 15 days. In lieu of granting that request, this Court will extend the discovery deadlines to provide ample time for the parties to complete discovery.

[3]This was one day after counsel for the defendants entered his notice of appearance on the case and filed a notice of substitution. [Doc. 65]

Defendants' Rule 30(b)(6) witnesses [] proceed before those dates." *Id.* at Ex. R.  The defendants responded that these dates were unacceptably close to Court's discovery cut-off deadline of July 11, 2014, and that they would not make their witnesses available to be deposed while the plaintiffs insisted on priority. [Doc. 68-1, p. 9] [Doc. 70, pp. 50-51] This Joint Motion follows.

The defendants' position is that the plaintiffs improperly asserted "deposition priority" by insisting that they should be permitted to take a Rule 30(b)(6) deposition before the plaintiffs' depositions could proceed. [Doc. 68, p. 8] [Doc. 68-1, p. 8] The plaintiffs concede that there is no rule of deposition priority under the Federal Rules of Civil Procedure, but argue instead that their position is justified because the defendants have "stonewalled" them by refusing to provide any firm dates for the depositions of their own witnesses and by failing to produce the discovery necessary to complete those depositions.  [Doc. 68, pp. 11-12]

Rule 26(d)(2) states that unless the Court orders otherwise for the parties' and witnesses' convenience and in the interests of justice, "methods of discovery may be used in any sequence; and discovery by one party does not require any other party to delay its discovery."  Thus it is clear that Rule 26(d) abolishes the deposition priority rule of the past.  *U.S. v. Bartesch*, 110 F.R.D. 128, 129 (N.D. Ill. 1986).  Courts do not regularly issue orders altering the sequence of depositions unless a specific reason justifies taking one party's deposition before other depositions commence.  *Stein v. Tri-City Healthcare Dist.*, 12cv2524-BTM (BGS), 2014 WL 458021, at * 2 (S.D. Cal. Feb. 4, 2014) (citation omitted).

As there is no rule of "deposition priority," this Court finds that the depositions noticed by the defendants should proceed first.  Two factors support this conclusion.  First, the plaintiffs are the moving party in the law suit; they should be prepared to be deposed first to demonstrate the bases for their claims.  Second, the plaintiffs have already had an opportunity to depose four witnesses: two defense witnesses as part of the early jurisdictional discovery, and two third-party witnesses on the issue of product

confusion. [Doc. 68-1, p. 11] [Doc. 71, p. 1] The defendants' request to compel the plaintiffs' depositions is therefore GRANTED. These depositions shall take place within 21 days of this Order, and will occur before any other defense witnesses are deposed, unless the parties mutually agree to a different deposition schedule.

## IV. PLAINTIFFS' REQUEST TO COMPEL RESPONSES TO INTERROGATORIES AND DOCUMENT REQUESTS, TO COMPEL DEPOSITIONS, AND TO COMPEL DEFENDANTS TO BEAR FOREIGN DEPONENT'S TRAVEL COSTS [DOC. 70]

The second Joint Motion raises 7 discrete issues which will be addressed in turn.

### A. Plaintiffs' Interrogatory Nos. 1-7, 9, 11-15 and Request for Documents Nos. 1-18, 20-68, 70-84

The plaintiffs seek an order compelling the defendants to respond to Interrogatory Nos. 1-7 and 9-15 and Request for Documents Nos. 1-85. By way of background, the plaintiffs served their First Set of Interrogatories (Nos. 1-20) and First Set of Requests for Production (Nos. 1-85) on March 21, 2014. [Doc. 70, pp. 12, 39] The defendants responded on April 30, 2014, stating objections to each of the Interrogatories[4] and Document Requests[5] that are the subject of this section of the Order. [Doc. 70-2, Exs. 1-2] Counsel met and conferred about their discovery disputes on May 7, 2014. [Doc. 68-5, p. 5; Doc. 70-2, p. 2]

Five days before the filing of this Joint Motion, on May 16, 2014, the defendants served their First Supplemental Responses to Plaintiffs' First Set of Interrogatories (Nos. 1-20). [Doc. 68-5, Ex. F] That same day, they also made documents available for

---

[4] Each of the defendants' objections to the Interrogatories was substantially the same: that the Interrogatories were vague, ambiguous, overbroad, unduly burdensome, and irrelevant. [Doc. 70-2, Ex.1]

[5] Each of the defendants' objections to the Document Requests was substantially the same: that the Document Requests were some combination of vague, overbroad, unduly burdensome, unlimited in time, irrelevant, and privileged – particularly to the extent that the requests sought information regarding the defendants' activities outside of the United States, which are not subject to the lawsuit. [Doc. 70-2, Ex. 2] The defendants had previously made available 230,000 pages of documents as part of the Court-ordered jurisdictional discovery in this case. [Doc. 68-5, p. 5]

1  inspection in response to the Interrogatories and the plaintiffs' First Set of Requests for
2  Production (Nos. 1-85). [Doc. 68-5, p. 5] Counsel for the parties met and conferred
3  again on May 20, 2014. [Doc. 70-2, p. 2] This Joint Motion was filed May 21, 2014.

4       The defendants now argue that the plaintiffs' requests to compel responses to
5  Interrogatory Nos. 1-7, 9, and 11-15, and Request for Documents Nos. 1-18, 20-68, and
6  70-84, are moot in light of their supplemental responses on May 16, 2014. [Doc. 70,
7  pp. 15-48] The defendants continue to object to Plaintiffs' Interrogatory No. 10 and
8  Plaintiffs' Request for Documents Nos. 19, 69 and 85, and their arguments will be
9  addressed separately, below.

10      The Federal Rules dictate that parties must serve answers and any objections to
11 interrogatories and document requests within 30 days.   FED. R. CIV. P. 33(b)(2); FED.
12 R. CIV. P. 34(b)(2)(A).  The responding party should respond to interrogatories to the
13 fullest extent possible, and any objections must be stated with specificity. FED. R. CIV.
14 P. 33(b)(3)-(4).  There is some suggestion from the parties' filings that the defendants
15 deliberately withheld responsive discovery until May 16, 2014, in the face of mounting
16 discovery disputes.  *See* [Doc. 70, pp. 10, 13-14].  If a discovery dispute arises, the
17 proper procedure is for the parties to submit a joint motion to this Court within 45 days.
18 CRAWFORD CHAMBERS R. V.  The Federal Rules do not permit parties to take matters
19 into their own hands by delaying or forestalling the discovery process. *See* FED. R.
20 CIV. P 26(d)(2)(B) ("discovery by one party does not require any other party to delay
21 its discovery"); *Nat'l Acad. of Recording Arts & Sci., Inc. v. On Point Events, LP*, 256
22 F.R.D. 678, 680 (C.D. Cal. 2009) ("discovery is not conducted on a 'tit-for-tat' basis").

23      However, since the plaintiffs' statement in the Joint Motion does not address the
24 adequacy of the defendants' supplemental discovery responses which were provided
25 on May 16, 2014, this Court lacks the information necessary to evaluate these disputes.
26 Accordingly, the plaintiffs' request is DENIED without prejudice to the plaintiffs
27 amending or refiling the Motion on this issue within 30 days of this Order.

28

**B. Plaintiffs' Interrogatory No. 10**

The Joint Motion also raises a specific dispute over Plaintiffs' Interrogatory No. 10. The Interrogatory requests that the defendants, "[d]escribe in detail the complete factual and legal bases for each of Defendants' Affirmative and Other Defenses asserted in their Answer." [Doc. 70, p. 25] The plaintiffs contend that this is a proper interrogatory under Rule 33(a). The defendants argue that the interrogatory exceeds the allowable limit for interrogatories under Rule 33(a)(1) because it is a compound question with 30 subparts. The defendants also object on privilege grounds, and that insofar as the interrogatory asks for legal arguments, it exceeds the scope permitted by Rule 26(b). *Id.*

Plaintiffs' Interrogatory No. 10 is a contention interrogatory, which is generally permissible under Rule 33(a)(2). The purpose of contention interrogatories "is not to obtain facts, but rather to narrow the issues that will be addressed at trial and to enable the propounding party to determine the proof required to rebut the respondent's position." *Lexington Ins. Co. v. Commonwealth Ins. Co.*, C98-3477CRB (JCS), 1999 WL 33292943, at *7 (N.D.Cal. Sept. 17, 1999). Courts have recognized that properly timed contention interrogatories "may in certain cases be the most reliable and cost-effective discovery device, which would be less burdensome than depositions at which contention questions are propounded." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997).

To the extent that the plaintiffs seek "legal bases" for the defendants' defenses, Interrogatory No. 10 exceeds the permissible scope of Rule 26(b). A proper contention interrogatory seeks the *facts* that support a party's contention, not the legal bases. *See U.S. ex rel. O'Connell v. Chapman Univ.,* 245 F.R.D. 646, 649 (C.D. Cal. 2007) (the contested interrogatory "asks O'Connell to give detailed information regarding the factual bases for her contentions; thus, these interrogatories are permissible and

//

1    acceptable under Rule 33(c)"). To cure the defect, the plaintiffs' interrogatory should

2    be construed to seek factual bases, not legal ones.

3         The defendants raise a valid compound objection to Plaintiffs' Interrogatory No.

4    10. Rule 33(a)(1) sets forth a limit of 25 interrogatories per party, including subparts.

5    Because Interrogatory No. 10 seeks the factual bases for all of the defendants' 30

6    defenses, the plaintiffs' Interrogatory is a compound question with 30 subparts.

7         Courts in other districts have similarly ruled that interrogatories seeking factual

8    bases for multiple affirmative defenses are improperly compound. In *Warren v. Bastyr*

9    *University*, 11cv1900-RSL, 2013 WL 1412419 (W.D. Wash. April 8, 2013), the court

10   explained that "an inquiry requesting the same information regarding disparate claims,

11   defenses, or events counts as multiple interrogatories." *Id.* at *1 (citations omitted).

12   As the defendants herein point out, analogous decisions were reached in *Lopez v.*

13   *Flores*, 08cv1975-LJO (JLT), 2013 WL 2385240, at *2 (E.D. Cal. May 30, 2013);

14   *Bujnicki v. American Paving & Excavating, Inc.*, 99cv0646S(SR), 2004 WL 1071736,

15   at *9 (W.D.N.Y. Feb. 25, 2004); and *Hoxie v. Livingston County*, 09cv10725, 2010 WL

16   2898285, at *6 (E.D. Mich. July 14, 2010).

17        The cases cited by the plaintiffs do not convince this Court otherwise.  The

18   plaintiffs cite *Hunt v. Fields*, 09cv3525-KJM (AC), 2011 WL 2709250, at *7 (E.D. Cal.

19   July 11, 2011), a civil rights suit under 42 U.S.C. §1983 in which a Magistrate Judge

20   permitted a pro se prisoner to request in a single interrogatory all facts in support of

21   "each affirmative defense alleged in your answer." *Hunt* is not informative since the

22   opinion does not state how many (if any) affirmative defenses were raised in the

23   defendant's answer. Furthermore, the court's ruling is couched in a discussion of the

24   difficulties that prisoner litigants encounter in obtaining discovery from institutional

25   defendants in civil rights cases. *Id.* at *2. These factors are not present in the case

26   before this Court. Therefore, to the extent that these factors influenced the *Hunt* court

27   to decide in favor of the pro se prisoner litigant, *Hunt* can be distinguished.  The

28

1  plaintiffs also cite *Jacks v. DirectSat USA*, 10-C-1707, 2011 WL 382858 at *2 (N.D.

2  Ill. Feb. 1, 2011), which is dissimilar because the interrogatories at issue requested

3  information on topics such as "people with knowledge of the claims" and "practices

4  and policies related to meal and rest breaks," not all of the defendants' affirmative

5  defenses.    In *Jacks*, the court found that the interrogatory at issue was in fact

6  impermissibly compound and constituted five distinct interrogatories, placing the

7  plaintiffs over Rule 33(a)(1)'s 25-interrogatory limit.  *Id*. at *3.

8        Rule 33(a) gives this Court discretion to increase the number of permitted

9  interrogatories for either party.  The plaintiffs have not moved for leave to propound

10 interrogatories in excess of the 25-interrogatory limit.  In this one instance, however,

11 the Court will so construe their request.  Going forward, the plaintiffs are reminded to

12 delineate the specific action they request from the Court.  The Court finds that the

13 scope of discovery is broad, and the information that the plaintiffs seek – the factual

14 bases of the defendants' affirmative defenses – is relevant.  Accordingly, this Court

15 finds good cause to GRANT the request and expand the number of the plaintiffs'

16 interrogatories to accommodate all subparts of their Interrogatory No. 10.

17 **C. Plaintiffs' Request for Documents No. 19**

18        The Joint Motion raises a dispute over Plaintiffs' Request for Documents No. 19.

19 This request for production seeks financial documents, including profit and loss

20 records for the defendants' sales of the Ipanema sandals in the United States. [Doc. 70,

21 p. 40] The defendants answered that they do not maintain product-specific profit and

22 loss records such as those sought by the plaintiffs; however, they did turn over

23 financial statements and records of sales of the Ipanema sandals in the United States.

24 *Id*. at 40-41.  At the time of filing the Joint Motion, the plaintiffs were also in the

25 process of turning over profit records for *all* lines of footwear sold in the United States.

26 *Id*.  The defendants further answered that they did not believe there had been any

27 profits from U.S. sales of the Ipanema sandals.  *Id*.

28

1   The plaintiffs challenge the defendants' contention that they do not keep profit
2   and loss records for the Ipanema sandals. [Doc. 70, p. 41] They ask this Court to
3   compel the defendants to turn over product-specific profit and loss records or, at the
4   very least, compel the defendants to turn over the documents on which they base their
5   conclusion that they earned no profits. *Id.*

6   Assuming that the defendants have now produced all the documents that they
7   referenced in the Joint Motion, this Court finds that the production is sufficient to
8   answer Plaintiffs' Request for Documents No. 19. The defendants stated that they do
9   not keep the product-specific profit and loss records that the plaintiffs seek. *Id.* The
10  plaintiffs assert that this contention is "baseless," yet provide no specific reason to
11  support their claim other than, "Grendene presumably pays taxes." *Id.* Without
12  something more to show that the defendants maintain, and have refused to turn over,
13  the records in question (or other records related to calculating the defendants' product-
14  specific profits), this Court will not compel further action. The plaintiffs are free to
15  pursue this information through oral testimony. Should such testimony provide factual
16  support for their objection, they may renew the Joint Motion within 21 Court days of
17  receiving this information. Based on the lack of support presented at this time,
18  however, the plaintiffs' request is DENIED without prejudice.

19  **D. Plaintiffs' Request for Documents No. 69**

20  The plaintiffs seek an order compelling the defendants to respond to their
21  Request for Documents No. 69, which requests all documents that support the
22  defendants' preemption defense. In addition to objecting on relevance and privilege
23  grounds, the defendants state that they "[are] not aware of any non-privileged
24  documents in [their] possession responsive to this request." [Doc. 70, p. 45] The
25  plaintiffs have not provided any basis for their assertion that the defendants possess
26  such documents. Without more, this Court will not compel the defendants to take
27  further action. Accordingly, the plaintiffs' request is DENIED without prejudice.

28

12cv604-GPC(KSC)

### E. Plaintiffs' Request for Documents No. 85

The Joint Motion challenges Plaintiffs' Request for Documents No. 85. Request No. 85 seeks the identity of the member of the Swimwear Organization of Florida through whom the defendants registered or participated in the organization's trade show. [Doc. 70, p. 48] The defendants object that this information is not relevant. *Id.* The plaintiffs respond that the identity of the member is relevant to establishing overlap in the parties' channel of trade, which is one of the factors considered in determining the issue of infringement. *Id.* (citing *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979)). Specifically, the plaintiffs believe that the member who registered the defendants in the trade show is "very likely" to know about the channels in which the defendants sell their Ipanema sandals. *Id.* at 49.

The scope of discovery is broad. Rule 26(b) does not limit discovery only to evidence that would be admissible at trial, but also includes that which "appears reasonably calculated to lead to the discovery of admissible evidence." In a trademark infringement suit, "likelihood of confusion" is a legal conclusion premised on an analysis of a number of subsidiary factors, including the relationship between the parties' channels of trade. *Park 'n Fly, Inc. v. Dollar Park & Fly, Inc.*, 782 F.2d 1508, 1509 (9th Cir. 1986); *KP Permanent Make-Up, Inc., v. Lasting Impression I, Inc.*, 408 F.3d 596, 608 (9th Cir. 2005). Therefore, the identity of someone who may know about the defendants' channels of trade – such as the person who registered the defendants at "the largest swimwear trade show in the United States" [Doc. 70, p. 48] – is relevant under Rule 26. This Court finds that the plaintiffs have shown that their request is "reasonably calculated" to lead to admissible evidence. Accordingly, the plaintiffs' request is GRANTED.[6]

//

---

[6]This information is to be produced pursuant to the Protective Order entered in this case. [Doc. 38]

### F. Plaintiffs' Request for Depositions

The plaintiffs seek an order compelling the defendants to schedule the depositions of the two defendants and three individual witnesses, and to produce the documents necessary to prepare for them.[7] [Doc. 70, pp. 50-51] The defendants' only stated reason for resisting the depositions is that they resolved not to schedule any more depositions until the Court weighed in on the parties' outstanding discovery disputes. *See* [Doc. 70, pp. 50-51] The defendants raise no other objections to the noticed depositions.  Since this Court has now resolved the discovery stalemate by ruling that the plaintiffs must be deposed within 21 days of this Order, the defendants have no reason to continue to resist scheduling these five depositions.

The defendants further state that between their original and supplemental document production, they have produced all the discovery necessary for the plaintiffs to conduct these depositions. [Doc. 70, p. 51] Since the plaintiffs' statement in the Joint Motion has not been updated to reflect the defendants' supplemental document production, this Court lacks the information necessary to resolve this portion of the dispute.

Accordingly, the plaintiffs' request to compel the defendants to schedule these five depositions is GRANTED, and the parties are ordered to work together to set a global disposition schedule that comports with this Court's ruling in Section III.

### G. Payment of Travel Costs for Defendant's Foreign Deponent

The parties dispute who will pay the reasonable costs for a defense witness from Brazil to travel to his deposition in Orlando, Florida.  [Doc. 70, p. 51] The witness, Marcius Dal Bó, will be testifying both in his individual capacity (as noticed by the plaintiffs) and as the Rule 30(b)(6) corporate designee for defendant Grendene S.A. *Id.* Though Mr. Dal Bó lives in Brazil and Grendene S.A.'s principal place of business

---

[7] The plaintiffs' request for an Order compelling the defendants to produce responsive documents has been previously addressed in Section IV.A, *supra*.

1   is in Brazil, the parties previously agreed that Mr. Dal Bó's deposition could proceed

2   at Grendene USA's headquarters in Florida. *Id.*

3       By way of providing additional background on this issue, earlier in the case, the

4   plaintiffs offered to pay Mr. Dal Bó's reasonable travel expenses up to $5,500 in

5   exchange for the defendants' willingness to hold his deposition in Florida and in order

6   to avoid motion practice. [Doc. 68-1, Ex. Z] The defendants would not commit to a cap

7   of $5,500 on his travel expenses, *id.* at Ex. AA, and proposed an alternative cap of

8   $7,000, *id.* at 14.  The parties never reached an agreement on the expense cap, and it

9   now appears that the plaintiffs have had a change of heart, as they request that this

10  Court order the defendants to pay for all of Mr. Dal Bó's travel expenses.

11      This Court finds that the plaintiffs should bear Mr. Dal Bó's travel costs.  Two

12  factors inform this decision.  First, the general rule is that depositions of corporate

13  agents and officers should be taken at the corporation's principal place of business or

14  at the agent's place of domicile.  *Lewis v. Ford Motor Co.*, 685 F. Supp. 2d 557, 573

15  (W.D. Pa. 2010); *Grey v. Continental Marketing Associates, Inc.*, 315 F. Supp. 826,

16  832 (N.D. Ga. 1970).  By agreeing to hold Mr. Dal Bó's deposition in Florida instead

17  of Brazil, the defendants have already agreed to save the plaintiffs considerable

18  expense, since counsel will not need to incur the added costs associated with

19  international travel.[8]  Second, the plaintiffs agreed at the outset to pay Mr. Dal Bó's

20  reasonable travel expenses.  Though this Court would not compel the plaintiffs to pay

21  for every foreign deponent's travel to the United States, it seems appropriate to do so

22  in this instance,  particularly in light of the prior agreement in principal between the

23  / /

24

25  _____

26  [8]The parties dispute whether Mr. Dal Bó's deposition could legally be taken in Brazil.  This Court previously addressed the issue in an Order dated December 6, 2012.

27  This Court was not persuaded by the plaintiffs' arguments that it would be illegal to depose Mr. Dal Bó in Brazil. [Doc. 40] Furthermore, even if it were, the defendants

28  argue that the plaintiffs could freely depose Mr. Dal Bó in a neighboring South American country. [Doc. 70, p. 58]

1  parties. This Court has reviewed the defendants' estimate of travel expenses, [Doc. 70,

2  pp. 54-55] and finds that the $5,500 cap suggested by the plaintiffs is reasonable.

3       Accordingly, the plaintiffs' request to compel the defendants to pay for Mr. Dal

4  Bó's travel costs is DENIED without prejudice, and the plaintiffs are ORDERED to

5  pay the reasonable travel expenses for Mr. Dal Bó's travel from his home town to his

6  deposition in Orlando, Florida, up to $5,500.

7       **V. DEFENDANTS' REQUEST TO COMPEL DEPOSITIONS, TO**
   **COMPEL PLAINTIFFS TO AMEND "CONFIDENTIAL" DISCOVERY**

8   **DESIGNATIONS, AND TO COMPEL PLAINTIFFS TO SEPARATE**
   **INITIAL DISCLOSURES FROM RESPONSIVE DISCOVERY [DOC. 74]**

9

10       In the parties' third Joint Motion, the defendants seek an order compelling three

11  of the plaintiffs' witnesses to appear for depositions, compelling the plaintiffs to review

   approximately 35,000 pages of discovery to remove erroneous "Confidential" or

12  "Confidential – Attorneys' Eyes Only" designations, and compelling the plaintiffs to

13  separate the documents identified in their initial disclosures from those produced

14
   pursuant to the defendants' document requests. [Doc. 74, pp. 7-11, 18, 23] This Court

15  will consider each dispute in turn.

16
   **A. Defendants' Request to Depose Third-Party Witnesses**

17
       The defendants seek to depose three third parties affiliated with the plaintiffs'

18  business: Made in Brazil, Inc., a company owned by one of the plaintiffs; Patricia M.

19  Brady, the plaintiffs' daughter who assists in running the business; and Gabriella

20  Moreno, the plaintiffs' social media contractor. [Doc. 74, pp. 7-9] The plaintiffs' only

21  stated reason for resisting the depositions is that they will not make any witnesses

22  available while the defendants persist in withholding production of their own witnesses

23  for deposition. *Id.* at 11. They do not cite any other objections to the request for

24  depositions. Since the Court has now ordered the defendants to make their witnesses

25  / /

26  / /

27  / /

28

1   available for deposition, the plaintiffs should likewise do so.  *See* Section IV.F, *supra*.

2   Accordingly, the defendants' request is GRANTED.[9]

3   **B. "Confidential" Designations on Plaintiffs' Discovery**

4          The defendants contend that the plaintiffs designated the majority of the

5   documents they produced during discovery as "Confidential" or "Confidential –

6   Attorney's Eyes Only." [Doc. 74, p. 18] The defendants assert that the plaintiffs made

7   a "gross over-designation of documents," and ask this Court to compel the plaintiffs

8   to go back through their 35,000 page document production to remove any improper

9   designations. *Id.*

10          This dispute is not ripe for the Court's determination.  This Court's Protective

11   Order – signed on September 27, 2012, at the request of both parties – sets forth the

12   procedures for challenging designations of protected material. [Doc. 38, p. 10] If a

13   party believes that specific discovery materials have been designated in error, that party

14   must confer with the producing party in a good faith effort to resolve the dispute.  *Id.*

15   Failing agreement, the objecting party may then bring a joint motion to the Court

16   specifying the particular material it believes is not entitled to the status and protection

17   of the producing party's designation.  *Id.* at 10-11.

18          Though the plaintiffs acknowledge that a few documents were clearly

19   erroneously marked, they represent that they made their designations with care, and

20   with a good faith belief that the designated material satisfies the criteria set forth in the

21   Protective Order. [Doc. 74, pp. 20-23] [Doc. 38, p.2] This Court finds no reason to

22

23

─────────────

24          [9] The Joint Motion raises a related issue concerning the scheduling of depositions
   for named plaintiff James Brady.  The defendants have noticed Mr. Brady's deposition
25   in his individual capacity.  The plaintiffs have also designated Mr. Brady to be the Rule
   30(b)(6) representative for Made in Brazil, Inc. [Doc. 74, p. 5] The plaintiffs wish to
26   hold his two depositions on the same day, to avoid the expense of scheduling two
   separate depositions on different dates.  [Doc. 75, p. 1]   This Court agrees with
27   conducting both depositions on the same day, to the extent that they can both be
   completed on one day.  One or both of these depositions can be noticed to continue into
28   the following day until completed.

1  supercede the procedures set forth in the Protective Order.  The defendants' request is

2  accordingly DENIED without prejudice.

3  **C. Defendants' Request to Compel Plaintiffs to Separate Out Initial Disclosures**

4        The defendants seek a Court order compelling the plaintiffs to separate the

5  documents identified in their initial disclosures from those produced pursuant to the

6  defendants' subsequent document requests. [Doc. 74, p. 23] By way of background, on

7  February 3, 2014, the plaintiffs served their initial disclosures, which included a

8  description by category of documents that might be used to support their claims or

9  defenses.  [Doc. 74-4, Ex. J] The Initial Disclosures stated, "These documents and

10  things are located [at counsel's Orange County office]." *Id.* at 6.  However, when the

11  defendants asked to inspect and copy the initial disclosure documents at counsel's

12  Orange County office in early May, they were told that the documents were actually

13  located in San Diego. [Doc. 74-2, p. 11] [Doc. 74-4, Exs. T, V]

14        After several communications between the parties, the defendants were finally

15  permitted to send a service to copy the documents in counsel's San Diego office on

16  May 20, 2014. [Doc. 74-2, p. 11] When they arrived, the copy service found 10 boxes

17  and 2 large satchels stuffed with documents.  *Id.*  The documents identified in the

18  Initial Disclosures were not separated out from the more than 15,000 pages of other

19  responsive discovery. *Id.* at 11-12.  Perceiving the plaintiffs' actions to be a form of

20  "gamesmanship," the defendants ask this Court to order the plaintiffs to separate out

21  the documents referenced in their initial disclosures. [Doc. 74, p. 25]

22        Rule 26(a)(1), which governs initial disclosures, requires the parties to produce

23  either a copy or a description by category and location of all documents in its

24  possession that the party may use to support its claims or defenses.  "The rule requires

25  parties to describe and categorize any potentially relevant documents; it does not

26  require production." *Reimer v. Ctr. for Counseling & Health Res.*, C07-1123 MJP,

27  2008 WL 2944900, at * 3 (W.D. Wash. July 17, 2008); *see also* FED. R. CIV. P.

28

26(a)(1)(B) advisory committee's note to the 1993 amendments.   The advisory committee's note to the 1993 amendments to Rule 26(a)(1)(B), however, contemplates that the parties will be able to obtain the initial disclosure documents through the discovery process: "If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests."   *Id.*

Rule 1 directs this Court to interpret the Federal Rules to secure a "just, speedy, and inexpensive determination" of the action.   In keeping with the spirit of Rule 1 and the advisory committee's notes to Rule 26(a)(1)(B), this Court finds that it is appropriate to order the plaintiffs to separate out the documents identified in their initial disclosures from the rest of their responsive discovery.   The defendants specifically requested the production of the initial disclosure documents and were led to believe that the documents initially produced by the plaintiffs would be so marked. Parties are not permitted to "hide the ball" by burying (or keeping buried) the documents that support their claims or defenses.   Even taking the plaintiffs at their word that they simply produced the documents as kept in the ordinary course of business, it would be more efficient for the plaintiffs, as the producing party, to sort through the discovery and separate out the initial disclosure documents, than for the defendants to do so.   Alternatively, the plaintiffs can identify the initial disclosure documents by Bates number.   Accordingly, the defendants' request is GRANTED.

## VI. DEFENDANTS' REQUEST TO COMPEL RESPONSES
## TO TWO DOCUMENT REQUESTS [DOC. 88]

The parties' fourth Joint Motion challenges the adequacy of the plaintiffs' responses to two document requests.   Each will be considered in turn.

### A. Defendants' Document Request No. 37

Defendants' Document Request No. 37 seeks documents pertaining to prior law suits or disputes concerning the plaintiffs' trademarks. [Doc. 88, p. 2]   The plaintiffs state that they supplemented their response to this document request on July 16, 2014,

1    and have now provided all responsive information.  *Id.* at 3.  As the defendants'
2    position in the Joint Motion was not updated to reflect this supplemental production,
3    this Court cannot ascertain whether the Joint Motion on this issue is moot.
4    Accordingly, the defendants' request is DENIED without prejudice to the defendants
5    updating and re-filing the Joint Motion within 30 days.

6    **B. Defendants' Document Request No. 14**

7        The defendants request the identity of all the manufacturers of the plaintiffs'
8    swimsuits, particularly since 2006. [Doc. 88, p. 3] The plaintiffs object that this
9    information is not relevant and highly confidential. *Id.* at 13. The defendants argue
10   that this information is relevant because they believe that the plaintiffs "abandoned the
11   swimwear market after 2006 and the absence of any manufacturer since 2006 is
12   evidence of that fact." *Id.* at 11.

13       The scope of discovery under Rule 26 is broad.  It encompasses not only
14   admissible evidence, but also information that is likely to lead to the discovery of
15   admissible evidence.  A trademark infringement claim requires the plaintiffs to show
16   that the defendants' use of the disputed mark is likely to cause consumer confusion.
17   *See Park 'n Fly, Inc. v. Dollar Park and Fly, Inc.*, 782 F.2d 1508, 1509 (9th Cir. 1986).
18   The defendants may have a defense to the claim if they are able to show that the
19   plaintiffs abandoned the swimwear market after 2006.  If the plaintiffs stopped
20   manufacturing swimsuits in 2006, this information, while not dispositive, could help
21   support the defendants' argument.  The swimsuit manufacturers are witnesses who
22   would likely be expected to have information about the plaintiffs' manufacturing
23   activity.  Therefore, the identity of the manufacturers is relevant.

24       This Court's Protective Order [Doc. 38] is the proper avenue for maintaining
25   "highly confidential, trade secret information."  The plaintiffs may designate this
26   information as "Confidential" or "Confidential – Attorneys' Eyes Only" when
27   producing it to the defendants. The Court is aware of the plaintiffs' concerns regarding

28

1   an earlier filing in which they believe the defendants improperly publicly filed

2   protected information.  *See* [Doc. 78] If the plaintiffs choose to produce this

3   information with the "Confidential" or "Confidential – Attorneys' Eyes Only"

4   designation, the defendants must comply with the terms of the Protective Order.

5   Subject to that caveat, the defendants' request is GRANTED.

6                               **VII. ATTORNEYS' FEES**

7        The parties each seek the award of attorneys' fees for the costs incurred to

8   litigate the above disputes.  Rule 37(a)(5) states that if the Court grants a discovery

9   motion, the Court must require the party or attorney to pay reasonable expenses

10  incurred in making the motion, unless (a) the movant filed the motion before making

11  good faith efforts to obtain the disclosure or discovery without Court action; (b) the

12  opposing party's position was substantially justified; or (c) other circumstances make

13  an award of expenses unjust.  A party's position in a discovery dispute is substantially

14  justified "if there is a genuine dispute or if reasonable people could differ as to [the

15  appropriateness of the contested action]." *Pierce v. Underwood*, 487 U.S. 552, 565

16  (1988) (internal citations omitted).  In this case, the Court finds that both parties

17  contributed to the discovery stand-still that necessitated the filings of these motions.

18  Accordingly, an award of fees would not be appropriate.  Each party shall bear its own

19  costs incurred in bringing and opposing these motions.  The parties' requests for fees

20  are DENIED.

21  / /

22  / /

23  / /

24  / /

25  / /

26  / /

27  / /

28

## VIII. AMENDMENTS TO THE SCHEDULING ORDER

In light of the Court's orders above, there is good cause to amend this Court's Scheduling Order to permit the parties to complete depositions and any necessary follow-up discovery. [Doc. 62] The dates are amended as follows:

1. All fact discovery will be completed by **December 30, 2014**.

2. The parties shall designate any experts by **January 30, 2015**.

3. The date for exchange of rebuttal experts shall be **February 13, 2015**.

4. Each party shall comply with Fed. R. Civ. P. Rule 26(a)(2)(A) and (B) regarding the disclosure of expert reports by **March 13, 2015**.

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence by **March 27, 2015**.

6. All expert discovery will be completed by **April 27, 2015**.

7. The Mandatory Settlement Conference is rescheduled for **May 13, 2015** at **9:30 a.m.** in the chambers of Magistrate Judge Karen S. Crawford, United States Courthouse, 333 West Broadway, Suite 1010, San Diego, California 92101. Counsel will submit confidential settlement briefs directly to chambers no later than **May 6, 2015**. **All parties are ordered to read and to fully comply with the settlement conference procedures set forth in Judge Crawford's Chambers Rules**.

8. All other pretrial motions, including *Daubert* issues, are due **May 29, 2015**.

9. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **September 4, 2015**.

10. Counsel shall take the action required by Local Rule 16.1(f)(4) by **September 11, 2015**.

11. Counsel for the plaintiff will be responsible for preparing the pretrial order. By **September 18, 2015**, plaintiffs' counsel must provide opposing

counsel with the proposed pretrial order for review and approval.

12.   The Proposed Final Pretrial Conference Order, including objections to any other parties' Federal Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with Judge Curiel on or before **September 25, 2015**.

13.   The final Pretrial Conference is scheduled on the calendar of **Judge Curiel** on **October 2, 2015** at **1:30 p.m**.

The Court's Scheduling Order is so amended.  The parties are directed to review the Court's previous Scheduling Order for further information and instructions on compliance with these deadlines.  All other dates remain unchanged.

## IX. CONCLUSION

For the reasons stated, the defendants' request in the first Joint Motion [Doc. 68] is GRANTED, and the parties' requests in the remaining Joint Motions [Docs. 70, 74, 88] are GRANTED in part and DENIED in part, without prejudice.  The Court declines to award attorneys' fees.   The Court's previous Scheduling Order [Doc. 62] is amended, and the parties' Joint Motion to Extend Pretrial Deadlines [Doc. 101] is DENIED as moot.

IT IS SO ORDERED.

Date: September ____26____, 2014

KAREN S. CRAWFORD
United States Magistrate Judge