|  |  |
|---|---|
| JAMES W. BRADY and PATRICIA M. BRADY, <br><br>Plaintiffs, <br><br>v. <br><br>GRENDENE USA, INC., a Delaware Corporation, and GRENDENE S.A., a Brazil Corporation, <br><br>Defendants. <br><br>AND RELATED COUNTERCLAIMS | CASE NO. 3:12-cv-0604-GPC-KSC <br><br>**ORDER:** <br><br>**(1) DENYING GRENDENE'S MOTION TO CONSOLIDATE;** <br><br>[ECF No. 185] <br><br>**(2) VACATING HEARING DATE** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

## I. INTRODUCTION

Before the Court is Defendants Grendene USA, Inc. and Grendene S.A.'s (collectively, "Grendene") Motion to Consolidate. (ECF No. 185). and Plaintiffs James W. Brady and Patricia M. Brady's (collectively, the "Bradys") oppose. (ECF No. 190.) The parties have fully briefed the motions. (ECF Nos. 185, 190.) The Court finds the motions suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1). Upon review of the moving papers, admissible evidence, and applicable law, the Court DENIES Grendene's Motion to Consolidate.

## II. BACKGROUND

On March 9, 2012, the Bradys filed a complaint against Grendene alleging

1 trademark infringement (the "Trademark Action"). (ECF No. 1.) On September 27, 2013, Grendene filed an answer in the Trademark Action. (ECF No. 56.) On May 30, 2014, Grendene filed a motion for summary judgment in the Trademark Action arguing that a February 16, 1995, settlement agreement between Made in Brazil, Inc., the Bradys' company, and the Ipanema Show Corporation ("ISC") (the "Settlement Agreement") bars the Bradys' trademark infringement causes of action because Grendene has succeeded to ISC's rights in the Settlement Agreement. (ECF No. 72.)

On December 15, 2014, Grendene filed a complaint against the Bradys alleging a breach of the Settlement Agreement (the "Breach of Contract Action"). Complaint, *Grendene USA, Inc. v. Brady*, 3:14-cv-2955-GPC-KSC (S.D. Cal. Dec. 15, 2014), ECF No. 1. On January 6, 2015, Grendene filed a motion to consolidate this action with the Breach of Contract Action. (ECF No. 185.) On February 27, 2015, the Bradys filed an opposition to Grendene's motion to consolidate. (ECF No. 190.)

In its complaint in the Breach of Contract Action, Grendene alleges that: (1) it is a successor to the Settlement Agreement, and (2) the Bradys have breached that agreement's covenant not to sue by filing the Trademark Action. Complaint, *Grendene USA, Inc. v. Brady*, 3:14-cv-2955-GPC-KSC (S.D. Cal. Dec. 15, 2014), ECF No. 1 Based on that breach, Grendene seeks damages for "attorneys' fees, costs and expenses."*Id.*

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) grants the Court broad discretion to consolidate separate actions. *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). Under Rule 42(a), the Court may consolidate actions that involve common questions of law or fact. FED. R. CIV. P. 42(a). The Court should also consider weigh any time and effort saved by consolidation against any "inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir.1984) (citations omitted).

/ /

## IV. DISCUSSION

Grendene moves to consolidate this action with the Breach of Contract Action. (ECF No. 185.) Grendene argues that both "actions involve common questions of law and fact." (*Id.* at 2.) The Bradys opposition to consolidation mainly restates the same arguments made in their motion to dismiss the Breach of Contract Action, (*see* ECF No. 190), which the Court rejected in that action. Order Denying Motion to Dismiss, *Grendene USA, Inc. v. Brady*, 3:14-cv-2955-GPC-KSC (S.D. Cal. April 1, 2015), ECF No. 21

Grendene filed its motion to consolidate on January 6, 2015, a mere three weeks after it filed its complaint in the Breach of Contract Action. (*See* ECF Nos. 185.) Thus it appears that Grendene filed this motion to consolidate as an end run around Grendene's obligation to satisfy both Federal Rule of Civil Procedure 16's good cause requirement and the *Foman* factors under Federal Rule of Civil Procedure 15 if it wished to amend its answer in the Trademark Action to add a breach of contract counterclaim.[1] *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (discussing the factors that apply to a motion to amend under Rule 15); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992) (noting that a party must first meet Rule 16's good cause requirement if a scheduling order deadline has passed, and then show that amendment is proper under Rule 15); FED. R. CIV. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). If Grendene wanted its breach of contract counterclaim heard in the Trademark Action, it should have filed a motion to amend its answer, yet it did not. In light of such a bald-faced attempt to avoid Rules 15 and 16, the Court declines to exercise its discretion to consolidate the actions and thus DENIES Grendene's motion to consolidate.

/ /

---

[1] The deadline to amend pleadings in the Trademark Action was March 14, 2014. (ECF No. 62.)

## V. CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Grendene's Motion to Consolidate, (ECF No. 185), is **DENIED**; and
2. The hearing set for April 3, 2015, is **VACATED**.

DATED: April 1, 2015

HON. GONZALO P. CURIEL
United States District Judge