

FILED

15 APR 23 PM 4: 02

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

_____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRADY and PATRICIA M. BRADY,<br><br>                                          Plaintiff,<br><br>vs.<br><br>GRENDENE USA, INC., *a Delaware corporation*, and GRENDENE S.A., *a Brazil corporation*,<br><br>                                          Defendant. | CASE NO. 12cv604-GPC(KSC)<br><br>**ORDER DENYING DEFENDANTS' REQUEST TO COMPEL COMPLIANCE WITH PROTECTIVE ORDER**<br><br>[Doc. 161] |

Before the Court is the parties' Joint Motion for Determination of Discovery Dispute, filed November 13, 2014, in which the defendants seek an Order compelling counsel for the plaintiffs to submit declarations attesting to the method and manner in which they designated materials produced in discovery as "Confidential" or "Confidential – Attorneys Eyes Only" under the Protective Order. [Doc. 161] They also seek attorneys' fees. *Id.* For the reasons stated below, this Court DENIES both requests.

## I.  FACTUAL BACKGROUND

On September 20, 2012, the parties jointly moved this Court for issuance of a Protective Order governing, *inter alia*, confidentiality designations. [Doc. 37] The Court signed the parties' proposed Protective Order one week later. [Doc. 38] The

Protective Order states that "[d]esignations under the Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the [applicable] criteria." *Id.* at 2. The Protective Order also sets forth the procedure for challenging such designations. If a party believes that specific discovery materials have been designated in error, that party must confer with the producing party in a good faith effort to resolve the dispute. *Id.* at 10. Failing agreement, the objecting party may then bring a Joint Motion to the Court specifying the particular material it believes is not entitled to the status and protection of the producing party's designation. *Id.* at 10-11. The procedures of the Protective Order operate in tandem with this Court's Chambers Rules, which dictate the format of Joint Motions for Determination of Discovery Dispute. CRAWFORD CHAMBERS RULE V.D. Any disputes over a party's confidentiality designations should be presented to the Court in the following format: 1) the specific pages in dispute; 2) the producing party's statement in support of the designations; and 3) the challenging party's statement as to why the documents should not be designated confidential.

The plaintiffs made three substantial document productions in this case, totaling over 35,000 pages of documents. [Doc. 74-2, p. 7] On February 3, 2014, the plaintiffs served their initial disclosures. *Id.* at 8. On May 9, 2014, the plaintiffs produced a disc containing more than 20,000 pages of documents. *Id.* On May 14, 2014, the plaintiffs produced a second disc, containing an additional 900 pages of documents. *Id.* at 10. On or about May 20, 2014, the plaintiffs made available 10 boxes of documents for copying and inspection, containing a total of 16,000 pages. *Id.* at 7, 12. The majority of all documents produced were designated "Confidential" or "Confidential – Attorneys Eyes Only." [Doc. 161-1, p. 2]

On June 11, 2014, the parties filed a Joint Motion in which the defendants asserted that the plaintiffs' confidentiality designations were overbroad. [Doc. 74] The defendants requested that this Court compel the plaintiffs to re-review their document productions and remove any improper designations. *Id.* In an Order dated September

26, 2014, this Court denied the defendants' request, noting that the dispute "[was] not ripe for the Court's determination" because the defendants had failed to follow the procedures set forth in the Protective Order for challenging confidentiality designations. [Doc. 138, pp. 17-18] The defendants were not permitted to broadly assert that the plaintiffs had not made their designations with care and good faith. *Id.* Rather, they were required to 1) identify the specific documents they believed to be erroneously designated; 2) attempt to informally resolve the disagreement with opposing counsel through the meet and confer process; and 3) failing agreement, present the Court with a Joint Motion in which they list the specific disputed documents. *Id.*

Following the Court's September 26, 2014, Order, defense counsel apparently made some efforts to follow the procedures in the Protective Order. On October 22, 2014, defense counsel set an email to plaintiffs' counsel listing by Bates number approximately 5,000 pages that the defendants believed had been improperly designated. [Doc. 163-3, Ex. 2; Doc. 161, p. 11] The parties met and conferred telephonically about the dispute on October 27, 2014. [Doc. 161, p. 8; Doc. 163, p. 3] On November 7, 2014, plaintiffs' counsel sent defense counsel a 44-page list of documents for which the plaintiffs were removing or modifying the confidentiality designation. [Doc. 163, p. 5; Doc. 163-5, Ex. 4] Because the defendants have not presented this Court with a list of specifically disputed documents, this Court cannot determine whether the plaintiffs' de-designation of the challenged documents resolved the defendants' challenge to the 5,000 disputed pages.[1]  In the absence of evidence to the contrary, this Court presumes that it did.

/ /

/ /

---

[1] This issue underscores the importance of presenting disputes to the Court in the format dictated by Crawford Chambers Rule V.D.  See *supra*, p. 2 ¶ 1.

12cv604-GPC(KSC)

## II. DISCUSSION

Despite the apparent success of the Protective Order's procedures for resolving the defendants' challenges, they have presented this Court with the instant Joint Motion. Though styled as a request to compel counsel to submit a declaration, the instant Joint Motion is, at heart, a second improper challenge to the plaintiffs' confidentiality designations. For the reasons stated below, this Court denies the defendants' request.

First, based on plaintiffs' counsel's Declaration, the Court is satisfied that the plaintiffs made their confidentiality designations with the good faith and care required by the Protective Order.[2] The plaintiffs represent that they reviewed all documents "at least twice" to ensure the appropriateness of their confidentiality designations. [Doc. 161, p. 5] Plaintiffs' counsel testified in a Declaration that "[m]y colleagues and I reviewed the Bradys' documents prior to producing them to Defendants in this case, and in good faith we designated certain materials as 'confidential' or 'confidential-attorneys eyes only.'" *Id.* Plaintiffs' counsel has further testified that following defense counsel's email dated October 22, 2014, they re-reviewed the 5,000 pages of specifically challenged materials, as evidenced by their de-designation of a number of documents in a 44-page list dated November 7, 2014. *Id.* at 5. This Court accepts the plaintiffs' representations, and finds that further testimony is unnecessary.

Second, the information sought by defense counsel is potentially protected by the attorney work product doctrine and attorney-client privilege. The defendants seek:

> [D]eclarations from each person involved in making the designations setting forth what Bates ranges he or she reviewed, how long he or she took to make the designations, whether he or she reviewed the documents on a page-by-page basis, what standards he or she used for each type of designation, whether he or she took into account how old the information was or whether its disclosure could now harm the plaintiffs in any way,

---

[2] This Court presumes that counsel, as officers of the Court, will testify truthfully in any Declaration submitted under penalty of perjury and in any other filing presented to this Court.

whether he or she relied on designations that had been made in other litigation, and state who had the first say in making the designation decisions.

[Doc. 161, p. 4]

The attorney work-product doctrine, which is codified in Rule 26(b)(3)(A) of the Federal Rules of Civil Procedure, prevents discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial." *In re Grand Jury Subpoena*, 357 F.3d 900, 906 (9ᵗʰ Cir. 2004). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles*, 422 U.S. 225, 239 (1975). The defendants request that plaintiffs' counsel memorialize in writing the "standards he or she used for each type of designation" and the factors that "he or she took into account" and "relied on" when making confidentiality designations. [Doc. 161, p. 4] A written declaration of this nature would fall squarely within the work product doctrine's protections.

Similarly, Rule 26 of the Federal Rules of Civil Procedure anticipates the attorney-client privilege. FED. R. CIV. P. 26 (b)(1) ("Parties may obtain discovery regarding any unprivileged matter"). "The rules of evidence of the various states uniformly recognize the protection that surrounds confidential communications between attorney and client," and "[c]ommunications within the scope of the privilege are zealously protected." 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2017 (3ʳᵈ Ed. 2014). *See* Fed. R. Evid. 501 (directing federal courts to look to the common law, as interpreted by U.S. Courts in the light of reason and experience, to govern a claim of privilege). The defendants seek to learn "who had the first say in making the designation decisions." [Doc. 161, p. 4] This question implicates the privilege to the extent it calls for the content of discussions between counsel and their clients in the preparation and production of documents.

Third, for the reasons previously articulated in the Court's September 26, 2014, Order, the issue is still not ripe for the Court's determination. [Doc. 138, p. 17] This is the second time that the defendants have failed to follow the procedures set forth in the Protective Order prior to presenting such challenges to the Court. The defendants' request to compel testimony is DENIED, and they are cautioned that if they seek further recourse, they must follow the procedures to which they agreed in the Protective Order.

### III. CONCLUSION

For the above-stated reasons, the defendants' request is DENIED. Because the defendants are not the prevailing party, the Court also declines to award attorneys fees. *See* FED. R. CIV. P. 37(a)(5).

IT IS SO ORDERED.

Date: April ___22___, 2015

_____
KAREN S. CRAWFORD
United States Magistrate Judge