1
2
3
4
5
6
7

FILED

15 APR 23  PM 4:02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

 DEPUTY

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  JAMES W. BRADY and PATRICIA
    M. BRADY,

12
                              Plaintiff,

13      vs.

14

15  GRENDENE USA, INC., *a Delaware
    corporation*, and GRENDENE S.A., *a
    Brazil corporation*,

16

17
                              Defendants.

CASE NO. 12cv604-GPC(KSC)

**ORDER DENYING IN PART AND
GRANTING IN PART
DEFENDANTS' ALTERNATE
REQUEST FOR RELIEF THAT
PLAINTIFFS' COUNSEL TESTIFY
REGARDING CONFIDENTIALITY
DESIGNATIONS**

[Doc. 162]

18

19      Before the Court is the parties' Joint Motion regarding the Defendants'

20  Alternative Request for Relief that Plaintiffs' Counsel be Compelled to Testify

21  Regarding Confidentiality Designations.[1] [Doc. 162] In this Joint Motion, the

22  defendants argue that: (1) plaintiffs' counsel should be deposed regarding the

23  confidentiality designations; (2) plaintiffs should reimburse the defendants for the cost

24  of cancelling a deposition noticed for October 20, 2014; and (3) plaintiffs should pay

25  defendants for the attorneys' fees associated with bringing the present motion. *Id.* For

26  the reasons outlined below, the defendants' requests are DENIED in part and

27  GRANTED in part. Further, the Court declines to award attorneys' fees.

28      [1] The parties filed a related Joint Motion [Doc. 161] that will be addressed in a
    separate Order.

# I. BACKGROUND

On September 27, 2012, this Court signed a Protective Order setting forth the procedures for challenging designations of protected discovery material. [Doc. 38, pp. 9-10] On June 11, 2014, the parties filed a Joint Motion in which the defendants challenged the plaintiffs' "Confidential" and "Confidential – Attorney's Eyes Only" designations as over-broad. [Doc. 74] The defendants requested this Court order the plaintiffs to go back through their document production and remove any improper designations. *Id.* The plaintiffs responded stating that, while there may have been a few errors in their designations, the designations were made with care. [Doc. 75, pp. 5-8] In an Order issued on September 26, 2014, this Court denied the defendants' request and directed the parties to follow the procedures for challenging confidentiality designations as set forth in the Protective Order. [Doc. 138, pp. 17-18]

Now, the defendants have initiated this Joint Motion to request to depose "a person most knowledgeable regarding plaintiffs' confidentiality designations." [Doc. 162, p. 2] The defendants also request attorneys' fees and $450 in cancellation fees incurred by the defendants after plaintiffs notified the defendants they would not be appearing for a deposition one business hour before it was scheduled to take place. *Id.* at 1.

In response, the plaintiffs assert they acted in good faith in designating documents as confidential. [Doc. 163, pp. 2-3] The plaintiffs state that they reviewed each designation "at least twice for the purpose of determining the proper confidentiality designation." [Doc. 161, p. 5] After their second review, the plaintiffs provided the defendants with a list of documents that could be de-designated. [Doc. 163, Ex. 4] In light of the plaintiffs' numerous reviews, they reaffirm that the remaining confidentiality designations are proper. *Id.* at 6. The plaintiffs also contest the defendants' request for $450 in late fees, explaining that the defendants scheduled the deposition, without consulting the plaintiffs, only eleven days before it was set to take place. [Doc. 162, p. 21] Further, the plaintiffs contend the need for a deposition of

Knobbe Martens, plaintiffs' counsel, was eliminated when the plaintiffs provided the defendants with a revised list of confidentiality designations on November 7, 2014. [Doc. 162, p. 9]

In reviewing the parties' Joint Motion and Declarations, the Court has ascertained the following applicable time-line of events leading to the filing of the present Joint Motion:

On October 9, 2014, the defendants served the plaintiffs' law firm, Knobbe Martens, with a subpoena to testify regarding the plaintiffs' confidentiality designations at a deposition scheduled for Monday, October 20, 2014. [Doc. 161-1, p. 16] Between October 15-17, 2014, the defendants deposed the plaintiffs, James and Patricia Brady, at Knobbe Marten's San Diego office. *Id.* at 6.  While counsel for both parties were present, neither the defendants' subpoena upon Knobbe Martens nor any objections thereto were discussed. *Id.* At 8:51 p.m. on Friday, October 17, 2014, Knobbe Martens emailed defense counsel an Objection indicating that they opposed the deposition scheduled for the following Monday, October 20, 2014, and for this reason would not produce a witness to testify. *Id.* at Ex. C.  The deposition did not go forward. *Id.* at 6. The defendants incurred $450 in cancellation fees from eLitigation Services, Inc., the court reporter and videographer. *Id.* at Ex. D.

## II. DISCUSSION

### A. Defendants' Request for the Plaintiffs' Law Firm to Testify to Compliance With the Protective Order

The defendants' request to compel plaintiffs' counsel to testify regarding their confidentiality designations is neither necessary nor appropriate.  This is the second time that the defendants have improperly challenged the plaintiffs' purported over-designation of documents under the Protective Order. *See* [Doc. 74] As noted in this Court's September 26, 2014, Order, and for the very same reason, this issue is still not ripe for the Court's determination. The Court's Protective Order – signed on September 27, 2012, at the request of both parties – sets forth the procedures for challenging confidentiality designations of protected material. [Doc. 38, p. 10] If a party believes

specific discovery materials have been designated in error, that party must confer with the producing party in a good faith effort to resolve the dispute as to each specific document or categories of documents. *Id.* Failing agreement, the objecting party may then bring a Joint Motion to the Court specifying the particular material it believes is not entitled to the status and protection of the producing party's designation. *Id.* at 10-11. Noticing a deposition of designating counsel is not an appropriate means of addressing this issue.

The defendants assert that the plaintiffs did not comply with the Protective Order by designating their materials in good faith and with care. Based on the representations in plaintiffs' counsel's Declaration, and in the absence of evidence to the contrary, this Court finds today – as it did in its September 26, 2014, Order – that the plaintiffs have made their designations in good faith as required by the Protective Order. Plaintiffs' counsel has twice reviewed the confidentiality designations of all documents provided to the defendants. [Doc. 161, p. 5] As represented, the plaintiffs' counsel made an initial review of the documents before production. [Doc. 163, p. 2] After this Court's September 26, 2014, Order and the parties' October 27, 2014, phone conversation, plaintiffs' counsel re-reviewed its designations and provided a list to defense counsel on November 7, 2014, identifying documents that could be de-designated. [Doc. 163, p. 3]

Should the defendants determine that specific documents have been improperly designated by the plaintiffs, they have a remedy. They are to follow the steps set forth in the Protective Order [Doc. 38, pp. 9-10], to which they previously agreed. Because the Court denies defendants' request to compel testimony, the defendants' request for attorney's fees is also DENIED. *See* FED. R. CIV. P. 37(A)(5).

**B. The Defendants' Request for $450 in Cancellation Fees**

The defendants have moved this Court to order the plaintiffs to reimburse them for expenses incurred as a result of the plaintiffs' cancellation of the deposition scheduled for October 20, 2014 in the amount of $450. [Doc. 162, p. 2]

Plaintiffs' counsel had more than a week in which to notify the defendants that they would not appear for the noticed deposition, including three days during which counsel for the parties were together at plaintiffs' counsel's offices for depositions. The plaintiffs' failure to promptly notify the defendants that they would not appear for the deposition violates this District's requirements regarding civility and professionalism. *See* LOCAL RULE 83.4(a)(1)(g) (attorneys shall "notify all parties and the court, as early as possible, when hearings or depositions must be cancelled"). The fact that the defendants served the subpoena a mere 11 days before the scheduled deposition does not excuse the plaintiffs' failure to promptly and courteously inform the defendants they objected to the deposition and would not appear as noticed.

Further, the Federal Rules of Civil Procedure and this Court's Chamber Rules provide several avenues by which a party may challenge an allegedly improper subpoena. If the plaintiffs believed that the topics of the noticed deposition were "so clearly within the protection of the attorney-client privilege and work product doctrine," [Doc. 162, p.4] they should have moved to quash the subpoena under Federal Rules of Civil Procedure 45(d)(3), initiated a Joint Motion for Determination of Discovery Dispute pursuant to this Court's Chamber Rules V.D, or moved for a Protective Order under Federal Rule of Civil Procedure 26(c)(1). In this case, the plaintiffs pursued none of these procedural tools. The Federal Rules of Civil Procedure do not permit a party to unilaterally fail to appear for a scheduled deposition, particularly when, as here, that party has not timely communicated its objections to counsel.

In light of the above, the plaintiffs are obligated to pay the late fee of $450 which was incurred due to their failure to give timely notice. Defense counsel has provided an invoice showing that the cancellation fee was $450 [Doc. 161-1, Ex. D, p. 29] and this Court finds it to be reasonable. Accordingly, this Court GRANTS the defendants'

request and awards fees in the amount of $450 to be paid directly by plaintiffs to the defendants.[2]

### III. CONCLUSION

For the reasons stated, (1) the defendants' request to depose plaintiffs' counsel regarding the confidentiality designations is DENIED [Doc. 162, p. 2]; and (2) defendants' request that plaintiffs reimburse defendants for the cost of cancelling a deposition noticed for October 20, 2014, in the amount of $450 is GRANTED. [Doc. 162, p. 4] Because both parties contributed to the events giving rise to the instant Joint Motion, the defendants' request for attorneys' fees is also DENIED.

IT IS SO ORDERED.

Date: April 22, 2015

KAREN S. CRAWFORD
United States Magistrate Judge

---

[2]This ruling is not intended to communicate that the Court believes the defendants' subpoena upon plaintiffs' counsel was proper.  *See* Section II.A, *supra*.