UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRADY and PATRICIA M. BRADY,<br><br>                              Plaintiffs,<br><br>   v.<br><br><br>GRENDENE USA, INC., a Delaware Corporation, and GRENDENE S.A., a Brazil Corporation,<br><br>                              Defendants.<br>AND RELATED COUNTERCLAIMS | CASE NO. 3:12-cv-0604-GPC-KSC<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANTS' EX PARTE MOTION FOR RECONSIDERATION;**<br><br>**[ECF No. 234]**<br><br>**(2) MODIFYING SANCTIONS** |

## I. INTRODUCTION

Before the Court is Defendants Grendene USA, Inc. and Grendene S.A.'s (collectively, "Grendene") Ex Parte Motion for Reconsideration. (ECF No. 234.) Plaintiffs James W. Brady and Patricia M. Brady (collectively, the "Bradys") oppose. (ECF No. 244.) Grendene has filed a reply. (ECF No. 246.) Grendene seeks reconsideration of this Court's April 29, 2015 Order Granting in Part and Denying in Part the Bradys' Motion for Contempt and to Declare Defendants Vexatious Litigants (the "Contempt Order"), (ECF No. 225). (ECF No. 234.) The relevant background is contained in the Contempt Order. (ECF No. 225, at 2–3.) Upon review of the

admissible evidence, and applicable law, the Court GRANTS Grendene's motion for reconsideration and MODIFIES the Contempt Order as discussed below.

## II. LEGAL STANDARD

**A. Reconsideration**

Under Federal Rules of Civil Procedure 59 and 60, federal district courts may reconsider final orders to correct "manifest errors of law." *Turner v. Burlington N. Sante Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003). Generally, parties must show either: (1) an intervening change in the law; (2) additional evidence that was not previously available; or (3) that the prior decision was based on clear error or would work manifest injustice. *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009); *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "'A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome.'" *Fed. Trade Comm'n v. Neovi, Inc.*, No. 06-cv-1952-JLS-JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009) (quoting *Devinsky v. Kingsford*, No. 05-cv-2064-PAC, 2008 WL 2704338, at *2 (S.D.N.Y. July 10, 2008)).

In addition to these substantive standards, Civil Local Rule 7.1.i.1 requires a party moving for reconsideration to submit an affidavit or certified statement of an attorney:

> setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

CivLR 7.1.i.1. Civil Local Rule 7.1.i.2 provides that "any motion or application for reconsideration must be filed within twenty-eight (28) days after the entry of the ruling, order or judgment sought to be reconsidered." CivLR 7.1.i.2.

**B. Contempt**[1]

In the Ninth Circuit, the moving party has the initial burden to show "by clear and convincing evidence that the contemnors violated a specific and definite order of the court." *In re Bennett*, 298 F.3d 1059, 1069 (9th Cir. 2002) (citation and quotation marks omitted). Once the moving party has satisfied its burden, the "burden then shifts to the contemnors to demonstrate why they were unable to comply." *Id.* (citation and quotation marks omitted). Generally, a violation is found where a party fails "to take all reasonable steps within the party's power to comply" with a court order. *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006) (citation and quotation marks omitted). However, good faith actions based on reasonable interpretations of a court order are a defense to civil contempt. *Id.* (citation and quotation marks omitted).

### III. DISCUSSION

The Court finds that there is additional evidence to be considered and thus GRANTS Grendene's motion to reconsider the Contempt Order. However, the Court still finds that there have been violations of the Protective Order. That said, the Court does find it appropriate to modify the Contempt Order as discussed below.

**A. Contempt**

**1. Pre-2007 Sales Data**

Grendene again argues that the Bradys made the pre-2007 sales data public in September 5, 2014, filing, (ECF No. 119). (ECF No. 234, at 3.) Grendene misunderstands the Contempt Order. The Court did not find that the Bradys' "pre-2007 sales decline had not been publicly disclosed." (*Id.* (emphasis omitted).) Rather, the

---

[1] The Court notes that its prior order incorrectly referenced Rule 70 and corrects that here.

Court specifically found that "at least some of the fault lies with Grendene" in causing the public disclosure of the sales information. (ECF No. 225, at 6–7.) The question is not simply whether information has been publicly disclosed, but whether it has been publicly disclosed "through no fault of the Receiving Party." (ECF No. 38, at 5.) Though the Bradys did publicly file the information on September 5, 2014,[2] this was not the first public disclosure of the information. Rather, the first public disclosure of the information occurred on June 11, 2014, (ECF No. 74), when *Grendene* publicly filed a joint discovery motion that the Bradys specifically had asked Grendene to file under seal. (ECF No. 78, at 1–2.) As the Court's initial order noted, based on this June 11, 2014, filing, "at least some fault lies with Grendene" which disallows Grendene from claiming that the pre-2007 sales data had become public through "no fault" of Grendene. (ECF No. 225, at 6–7.) Thus the Court still finds Grendene in violation of the Protective Order.

**2. Bradys' Daughter**

First, KMQ argues that other portions of the Bradys' daughter's deposition, not designated AEO, support its allegations in the KMQ Action. (ECF No. 234, at 18.) The portions of the deposition transcript that KMQ points to, (ECF No. 235-3, Ex. E, 76:13–22, 77:10–14), were designated non-confidential. (ECF No. 235-2, Ex. D.) The Court notes that KMQ never pointed to this portion of the Bradys' daughter's deposition transcript in its initial opposition. (*See* ECF No. 218.)

The Court rejects KMQ's argument. The cited deposition testimony does not show that the Bradys' daughter "had trouble setting up Shopify, and that plaintiffs fulfilled at least one online order since November 2014" and does not support inferences "that plaintiffs' daughter was responsible for plaintiffs' Web site, that it took her several months to set up the functionality to enable online purchases, and that plaintiffs were fulfilling online orders by October 2014." (ECF No. 234, at 18–19.)

---

[2] The Bradys subsequently moved to seal the document, (ECF No. 142), which the Court granted. (ECF No. 171.)

Indeed the testimony of the Bradys' daughter that shows how many orders she fulfilled and how many orders the Bradys have fulfilled in general was requested to be confidential by the Bradys. (*See* ECF No. 235-2, Ex. D (referring to lines 80:24–84:9 of the Bradys' daughter's deposition transcript).) Accordingly, the Court adheres to its previous ruling and does not find any non-confidential portions of the Bradys' daughter's deposition that would support KMQ's allegations in the KMQ Action. Thus the Court still finds KMQ in violation of the Protective Order.

Second, Grendene and KMQ contend that they "are at a loss to adequately defend themselves" because "neither the plaintiffs nor this Court have pinpointed what, if anything, is confidential about the testimony." (ECF No. 234, at 4.) Grendene further argues that "given plaintiffs' gross overdesignations and inconsistent treatment of their own information, the Court's 'strict liability' approach to the Protective Order—finding contempt without any apparent consideration of whether the testimony was properly designated as AEO in the first place—is patently unfair." (ECF No. 234, at 19.)[3] The Court is baffled by this argument because the Protective Order clearly sets forth the specific remedy afforded to Grendene where the Bradys improperly designate information. (*See* ECF No. 38, at 9–10.) The Protective Order states that information designated confidential, even information that will later be designated non-confidential, is not to be publicly disclosed until that information is designated non-confidential. (*Id.* at 10.) Indeed, Magistrate Judge Crawford previously admonished Grendene for failing to follow the Protective Order's procedures and pointed Grendene to the same procedures that the Court now points them to. (ECF No. 139, at 7 ("The Protective Order does not permit parties to publicly file protected information first, and then attempt to defend their actions by challenging the designations later, as the defendants have done here.").) Contrary to Grendene's argument, (ECF No. 234, at 4), whether

---

[3] The Court notes, and Grendene readily admits, that it has repeatedly made this same overdesignation argument. (*See* ECF No. 234, at 19–22.) Magistrate Judge Crawford has already rejected this argument due to Grendene's failure to comply with the Protective Order's remedies. (ECF No. 138, at 17–18.)

something *should* be designated confidential is irrelevant to their obligation to comply with the Protective Order. Under the Protective Order, Grendene is required to avoid publicly disclosing information that is merely designated confidential. (ECF No. 38, at 10.) Any failure by the Bradys to properly designate information does not somehow relieve Grendene of its responsibility to comply with the Protective Order.

**B. Sanctions**

Grendene's primary argument is that the Court imposed criminal rather than civil sanctions. (ECF No. 234, at 7–10.) KMQ also notes that it has voluntarily dismissed without prejudice the KMQ Action. (ECF No. 237 ¶ 2; ECF No. 245-2, Ex. 1). The Ninth Circuit has indicated that "sanctions imposed in civil contempt proceedings must always give to the alleged contemnor the opportunity to bring himself into compliance, the sanction cannot be one that does not come to an end when he repents his past conduct and purges himself." *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 518 (9th Cir. 1992) (quoting *Lance v. Plummer*, 353 F.2d 585, 592 (5th Cir. 1965), *cert. denied*, 384 U.S. 929 (1966)). One of the Court's primary concerns was that KMQ had become a party opponent to the Bradys, (ECF No. 225, at 9–10), which is no longer the case. Accordingly, the Court finds it appropriate to MODIFY[4] the sanctions it imposes to the following:

    1.    The Court hereby requires that if KMQ or Grendene intend to publicly disclose outside of this case, through court filings or other means, information that has been designated confidential and not de-designated pursuant to the Protective Order, whether or not they believe that the information has been publicly disclosed elsewhere and whether or not they believe that the information should not be designated confidential, KMQ and Grendene are to meet and confer with the Bradys' counsel regarding whether the information is actually confidential;

---

[4] Thus the previous sanction barring KMQ from accessing AEO information is now vacated.

2. If the parties agree that the information is not confidential or is no longer confidential, KMQ or Grendene may publicly disclose the information;

3. If the parties do not agree, they are to present the dispute to the magistrate judge to determine whether the information is or should be confidential before any public disclosure by KMQ or Grendene; and

4. This sanction shall remain in effect until KMQ and Grendene demonstrate to the satisfaction of the Court that they are able to and will comply with the Protective Order. *See Whittaker*, 953 F.2d at 518.

### IV. CONCLUSION AND ORDER

For the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Grendene's Ex Parte Motion for Reconsideration, (ECF No. 234), is **GRANTED**; and

2. The Court **MODIFIES** the sanctions placed against Grendene and KMQ as discussed above.

DATED: June 5, 2015

HON. GONZALO P. CURIEL
United States District Judge