UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES W. BRADY and PATRICIA M. BRADY, | ) ) | Case No. 12-cv-00604-GPC-KSC |
| Plaintiff, | ) ) ) | **ORDER OVERRULING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE** |
| v. | ) ) ) | **JUDGE'S ORDERS DENYING DEFENDANTS' REQUEST TO** |
| GRENDENE USA, INC., *a Delaware Corporation*, and GRENDENE S.A., *a Brazil corporation*, | ) ) ) | **COMPEL COMPLIANCE WITH PROTECTIVE ORDER FILED APRIL 23, 2015** |
| Defendants. | ) ) | **(ECF NO. 240)** |

## **INTRODUCTION**

Currently before the Court are defendants Grendene USA, Inc. and Grendene S.A.'s (together, "Defendants") objections to Magistrate Judge Crawford's April 23, 2015, orders denying Defendants' Request to Compel Compliance with the Protective Order, (ECF No. 161), and denying in part Defendants' Alternative Request for Relief that Plaintiffs' Counsel be Compelled to Testify Regarding Confidentiality Designations, (ECF No. 162). (ECF Nos. 222, 223.)[1] After a careful consideration of the parties' submissions, the record in this matter, the applicable law, and for the reasons that follow, the Court will **OVERRULE** Defendants' Objections.

---

[1] The page numbers listed reference the specific document, rather than the ECF, page number.

**BACKGROUND**

Plaintiffs filed their initial Complaint for trademark infringement on March 9, 2012, and their currently operative First Amended Complaint on March 16, 2012. (ECF Nos. 1, 4.)  Plaintiffs allege that Defendants make, promote, and sell beach sandals and related goods under the name "Ipanema," infringing on Plaintiffs' "Ipanema" and "The Girl from Ipanema" trademarks, in an effort "to cause mistake or deception as to the source of Defendants' products, and/or to otherwise trade upon Plaintiffs' reputation and customer goodwill in their marks." (ECF No. 4, at 3-4.)

On September 27, 2012, Magistrate Judge Crawford issued, at the parties' joint request, an initial protective order governing discovery in this matter,  (the "Protective Order). (ECF No. 38.) The Protective Order provides two designations, "Confidential" and "Confidential–Attorneys' Eyes Only (AEO)," and requires that "[d]esignations under the Order shall be made with care and shall not be made absent a good faith belief that the designated material satisfies the [applicable] criteria." (Id. at 2.) The Protective Order further requires that a party challenging such designations must meet and confer with the producing party in a good faith effort to resolve the dispute. (Id. at 10.) If no agreement is reached, the objecting party may bring a joint motion to the Court specifying the particular material it believes is improperly designated. (Id. at 10-11.) Any disputes over a party's confidentiality designations are required to be presented to the Court in the following format: "(1) the specific pages in the dispute; (2) the producing party's statement in support of the designations; and (3) the challenging party's statement as to why the documents should not be designated confidential." (ECF No. 222, at 3.)

In the present case, Plaintiffs made three substantial productions totaling over 35,000 pages of documents. (ECF No. 161, at 5.) On February 3, 2014, Plaintiffs served their initial disclosures. (ECF No. 74-2, at 8.) On May 9, 2014, Plaintiffs produced a disc containing 20,863 pages of documents, approximately 19,000 to 20,000 of which were marked "AEO." (ECF No. 161, at 6.) On May 14, 2014,

Plaintiffs produced a second disc, containing an additional 896 pages of documents, 875 of which were designated "Confidential" or "AEO." (Id.) On or about May 20, 2014, Plaintiffs made available ten boxes, eight of which were marked "AEO" with a single post-it note, for copying and inspection. (Id.) These boxes contained 16,152 pages of documents, 15,776 of which were marked "AEO." (Id.) Thus, the vast majority of documents produced were designated "Confidential" or "AEO." (Id. at 1.)

On June 11, 2014, Defendants asserted that Plaintiffs' confidentiality designations were overbroad, and requested to compel Plaintiffs to re-review their document productions and remove any improper designations. (ECF No. 74.) Subsequently, in an order dated September 26, 2014, Judge Crawford denied Defendants' request for their failure to comply with the Protective Order's procedure for challenging confidentiality designations. (ECF No. 138, at 17-18.) Judge Crawford further instructed the parties to comply with this procedure in all future requests. (Id.)

On October 9, 2014, Defendants served Plaintiffs' law firm with a subpoena to testify at a deposition scheduled for October 20, 2014, concerning Plaintiffs' confidentiality designations. (ECF No. 161-1, Ex. B.) On October 17, 2014, Plaintiffs submitted their opposition to the deposition and refused to produce a witness to testify. (Id., Ex. C.) On October 22, 2014, defense counsel sent an email to Plaintiffs' counsel listing by Bates number approximately 5,000 pages that the Defendants believed were improperly designated. (ECF No. 163-3, Ex. 2.) On October 27, 2014, the parties met and conferred telephonically about the dispute. (ECF No. 161, at 9.) On November 7, 2014, Plaintiffs' counsel sent defense counsel a forty-four page list of documents for which Plaintiffs were removing or modifying the confidentiality designation. (ECF No. 163-5.)

However, Defendants continued to dispute Plaintiffs' initial designations, claiming that Plaintiffs' counsel failed to satisfy their obligation to review the documents in good faith, and instead made wholesale, "blanket" designations applying to all documents. (ECF No. 161, at 18.) Defendants further claimed that Plaintiffs'

counsel made statements disclaiming the obligation to make a good faith effort to properly designate each document. (<u>Id</u>. at 17-18.) In response, Plaintiffs' counsel asserted they acted in good faith in designating documents as "Confidential" or "AEO," and had twice reviewed the 5,000 documents challenged by Defendants. (<u>Id</u>. at 25.) Plaintiffs' counsel further denied any disclaimer of their obligation to review and designate each document in good faith. (<u>Id</u>. at 12-13.)

As the dispute remained unresolved, on November 13, 2014, Defendants filed a Joint Motion to Request to Compel Compliance with the Protective Order, (ECF No. 161), and, in the alternative, a Request for Relief that Plaintiffs' Counsel be Compelled to Testify Regarding Confidentiality Designations, (ECF No. 162). On April 23, 2015, Judge Crawford ruled that Plaintiffs' counsel had made their confidentiality designations "with care" and in "good faith" in compliance with the Protective Order, and denied Defendants' Request to Compel Compliance. (ECF No. 222.) In so ruling, Judge Crawford noted that Defendants failed both to comply with the Protective Order's designation challenge procedure, requiring a list of specifically disputed documents, and to present sufficient evidence of Plaintiffs' failure to designate documents in compliance with the Protective Order. (<u>Id</u>. at 4, 6.) Absent such a showing, Judge Crawford presumed Defendants' challenges were resolved by Plaintiffs' subsequently produced forty-four page list of corrections, and further, accepted representations in the Declaration of Plaintiffs' Counsel that the confidentiality designations were made with care and in good faith. (<u>Id</u>. at 3.)

Further, on April 23, 2015, Judge Crawford also denied Defendants' alternative request to compel testimony regarding Plaintiffs' confidentiality designations, finding such testimony was neither necessary nor appropriate. (ECF No. 223, at 1, 3.) In so ruling, Judge Crawford again noted Defendants' failure to comply with the procedure for challenging confidentiality designations set forth in the Protective Order, and stated that "noticing a deposition of designating counsel is not an appropriate means of addressing this issue." (ECF No. 223, at 4.) As such, Defendants' request to compel

testimony and request for associated attorney's fees were also denied. (Id.)

On May 6, 2015, Defendants filed objections to both of Judge Crawford's orders denying Defendants' requests to compel compliance with the Protective Order. (ECF No. 240.) On May 29, 2015, Plaintiffs filed an opposition to Defendants' objections. (ECF No. 279.) On June 5, 2015, Defendants filed a reply in support of their objections. (ECF No. 299.)

STANDARD OF REVIEW

A party may file objections to a non-dispositive pretrial order issued by a magistrate judge within 14 days after being served with a copy of the order. Fed. R. Civ. P. 72(a). "A non-dispositive order entered by a magistrate must be deferred to unless it is clearly erroneous or contrary to law." Grimes v. City and Cnty. of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)). A ruling is clearly erroneous where the reviewing court is left with "a definite and firm conviction that a mistake has been committed," a standard highly deferential to the magistrate judge's ruling. Concrete Pipe & Prod. v. Constr. Laborers Pension Trust, 508 U.S. 602, 623 (1993). However, the district judge may decline to consider evidence that was not presented to the magistrate judge. See Haines v. Ligett Group, Inc., 975 F.2d 81, 92-93 (3d Cir. 1992); see also State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 375 F. Supp. 2d 141, 158 (E.D.N.Y. 2005).

DISCUSSION

Defendants make the following objections to Judge Crawford's April 23, 2015, orders, denying both Defendants' request to compel compliance with the Protective Order, and alternative request to compel Plaintiffs' counsel to testify regarding Plaintiffs' confidentiality designations, (ECF No. 240):

1.   Judge Crawford ignored facts that clearly evidenced Plaintiffs' failure to designate documents as required by the Protective Order;

2.   Judge Crawford ignored that Plaintiffs made "blanket protections" in violation of the Protective Order;

5

3.     Judge Crawford ignored that proper initial designation is required by law;

4.     Judge Crawford improperly concluded that compliance with the Protective Order's procedure for designating documents cannot be compelled;

5.     Judge Crawford improperly extended the presumption of attorney truthfulness to the Declaration of Plaintiffs' counsel, but not to the Declaration of Defendants' counsel;

6.     Judge Crawford improperly attached an irrebuttable presumption of accuracy to the Declaration of Plaintiffs' counsel; and

7.     Judge Crawford improperly concluded that certain remedies Defendants sought were barred by law and rejected other remedies Defendants sought without explanation.

**1.     Judge Crawford's Finding that Plaintiffs' made Their Initial Designations in Compliance with the Protective Order was not "Clearly Erroneous"**

Defendants argue that Judge Crawford erred in accepting the truthfulness of the Declaration of Plaintiffs' Counsel, stating that all documents were designated in compliance with the Protective Order, despite evidence presented by Defendants that Plaintiffs had imposed inaccurate, "blanket protections" on a large volume of documents. (ECF No. 240, at 5-6.)

In support of their requests, Defendants asserted that Plaintiffs designated the majority of 35,000 documents "Confidential" or "AEO," designating several boxes of documents with a single post-it note, and further, produced a forty-four page list of corrections after re-reviewing only 5,000 challenged pages. (Id. at 4-5.) Defendants also submitted the following documents in support of their requests: (1) designated portions of Mr. Brady's deposition, concerning business information related to "Made in Brazil" and Mr. Brady's involvement in making the designations; (2) Defendants' subpoena of Plaintiffs' counsel; (3) email exchanges regarding the parties' "meet and confer"; Plaintiffs' list of de-designated documents; and (4) a letter from Plaintiffs' counsel regarding the confidentiality of large portions of Mr. Brady's deposition. (ECF

Nos. 161, 162.) Lastly, in support of their present objection, Defendants submitted additional evidence, including designated portions of the depositions of Patricia Maria Duhart Martins Brady, James Brady, and Patricia Brady, and several documents that Defendants allege were improperly designated. (ECF No. 240.)

Defendants argue that, had Judge Crawford properly weighed the evidence presented, Plaintiffs would not have been found in compliance with the Protective Order, having made "blanket protections" neither with care, nor in good faith. (ECF No. 240, at 5-6.) Defendants further argue that in failing to adequately consider this evidence, Judge Crawford improperly extended an irrebuttable presumption of attorney truthfulness to the allegedly vague, conclusory, and hearsay Declaration of Plaintiffs' counsel, but not to the allegedly highly detailed Declaration of Defendants' counsel made on personal knowledge. (Id. at 3.) Defendants assert that Plaintiffs' counsel failed to provide any facts concerning how documents were designated or by whom. (Id.) Defendants assert that, in contrast, Defendants' counsel contradicted Plaintiffs' counsel in numerous respects, quoting admissions by Plaintiffs' counsel of their disregard for the initial designation requirements of the Protective Order, and presenting over 10,000 documents that did not meet the standards for designation. (Id.) Defendants also note that Judge Crawford incorrectly stated that Plaintiffs had reviewed all documents twice, when in fact, they had only reviewed 5,000 of the 35,000 documents twice, which resulted in a forty-four page list of corrections. (Id. at 4.)[2] Lastly, Defendants note that Plaintiffs, in their reply, do not deny that their documents were designated as described by Defendants, but rather, "fall back on their counsel's conclusory assertion that the designations nonetheless were made in good faith." (ECF No. 299, at 3-4.)

In response, Plaintiffs assert they have already demonstrated that they designated documents with care and in good faith. (See ECF No. 279, at 8.) Additionally, Plaintiffs claim that the boxes, marked with a post-it note as "AEO," were reviewed by counsel, and further, that other disputed documents were either de-designated, or properly

---

[2] The Court notes that Plaintiffs' brief was unclear as to which documents were reviewed twice. (See ECF No. 161, at 12, 21.)

justified. (Id. at 8-9.) Plaintiffs assert that they previously briefed and argued their reasons for designating the challenged documents, and further, that Judge Crawford did not view Defendants' evidence as demonstrative of the Brady's failure to conduct a proper confidentiality review. (Id. at 8.) Therefore, Plaintiffs assert that Judge Crawford correctly credited counsel's declaration and that her findings with respect to Plaintiffs' confidentiality designations should be dispositive. (Id.)

After review, the Court finds that Judge Crawford's finding that Plaintiffs' counsel made designations with care, and in good faith, was not clearly erroneous. As an initial matter, the Court declines to consider the additional evidence submitted in support of Defendants' present opposition because this evidence was not presented in support of Defendants' initial requests to Judge Crawford. See Haines, 975 F.2d at 92-93. If Defendants' had access to this evidence when submitting their initial requests, as it appears they did, such evidence should have been submitted at that time.

Second , the Court finds evidence that Plaintiffs' counsel not only designated the majority of 35,000 documents, but also produced a large list of corrections after conducting a second review, insufficient to demonstrate "clear error." The Court acknowledges that several courts have found that a party's de-designation of a large percentage of documents indicates a failure to have initially designated documents in good faith. See Humphreys v. Regents of the Univ. of Cal., No. C-04-03808-SI-EDL, 2006 WL 3020902 at *3 (N.D. Cal. Oct. 23, 2006) (finding "Defendants' designations were not [made] in good faith as more than 25% of the documents and all of the computer data were de-designated at a meet and confer session); In re ULLICO Inc. Litigation, 237 F.R.D. 314, 318 (D. of Col. 2006) (finding, after defendants' re-designation of approximately 4,000 documents, that "such a sweeping correction subsequent to [defendants'] initial production illustrates that [defendants'] non-compliance with the Protective Order occurred on a grand scale").

Here, Defendants state, and Plaintiffs do not deny, that approximately 33,000 of 35,000, or approximately ninety-four percent of the  documents, were designated

"Confidential" or "AEO." Further, after re-reviewing only 5,000 challenged documents, Plaintiffs produced a forty-four page list of corrections. Thus, it appears Plaintiffs not only designated a high percentage of documents, but also improperly designated several documents. However, while this evidence supports the inference that Plaintiffs' counsel failed to make their initial designations in good faith, the Court finds this evidence is insufficient to establish a "definite and firm conviction that a mistake [was] committed" by Judge Crawford in weighing this evidence against the Declaration of Plaintiffs' counsel. Concrete Pipe & Prod., 508 U.S. at 623. Accordingly, the Court finds Judge Crawford's review of this evidence was not clearly erroneous.

Lastly, the Court finds that evidence submitted by Defendant, including portions of James Brady's deposition, email exchanges between the parties, Plaintiffs' list of de-designated documents, and Defendants' subpoena of Plaintiffs' counsel, is also insufficient to demonstrate that Plaintiffs failed to comply with the Protective Order in designating documents. Defendants primarily submit large, "AEO" designated, portions of Mr. Brady's deposition as exemplary of Plaintiffs' use of "blanket protections" and failure to designate documents with care, and in good faith. However, despite the large number of pages designated, the information concerns business information, related to "Made in Brazil", that is properly designated under the Protective Order, as well as information validly protected as attorney work product, or under the attorney-client privilege. See (ECF No. 38, at 7-8); Fed. R. Civ. P. 26(b)(1), 26(b)(3)(A). Therefore, the Court finds Judge Crawford's review of this evidence was not clearly erroneous.

In sum, for the reasons discussed, the Court finds that Judge Crawford's determination that Defendants' evidence was insufficient to outweigh the Declaration of Plaintiffs' counsel was not clearly erroneous. Accordingly, Defendants' objections to these findings are **OVERRULED**.

//

//

//

**2. Judge Crawford's Refusal to Compel Plaintiffs' Compliance with the Protective Order was not "Clearly Erroneous"**

Defendants argue Judge Crawford ignored that proper initial designation is required by law and improperly concluded that compliance with the Protective Order's procedures for designating documents cannot be compelled. (ECF No. 240, at 1-2.) Defendants have repeatedly been ordered, and have often failed, to comply with the Protective Order's procedure for challenging confidentiality designations. (See ECF No. 222, at 6.) This procedure requires the objecting party to make a written challenge to specific designations, and to meet and confer with the designating party concerning the dispute. (ECF No. 38, ¶ 11.) If an agreement cannot be reached, the party may then make a motion challenging the disputed designations and must make specific challenges to each individual document. (Id.)

However, Defendants argue that, although there is a "means to challenge the result of the application of the document designation process, it provides no means to challenge whether the process itself was actually followed." (ECF No. 240, at 2.) Defendants argue that Plaintiffs failed to make their initial designations with care and in good faith, and have disclaimed their obligation to do so. (ECF No. 161, at 7-8). As such, Defendants assert that requiring Defendants to make written, individual challenges to a large volume of designated documents "unfairly and inappropriately shifts the burden to the receiving party to make the initial good faith determination whether the documents designated meet the requirements for designation." (ECF No. 240, at 2.)

In response, Plaintiffs assert, and Judge Crawford has so found, that Plaintiffs demonstrated good cause for their confidentiality designations in compliance with the First Amendment and the common law. (ECF No. 279, at 8.) Plaintiffs further deny any disclaimer of their obligations under the Protective Order. (ECF No. 161, at 12-13.) Plaintiffs assert that Defendants' interpretation "has no support whatsoever in the stipulated Protective Order, and that Judge Crawford properly rejected it." (ECF No. 279, at 10.) Therefore, Plaintiffs argue that Defendants have a remedy in the challenge

12-cv-00604-GPC-KSC

procedure provided in the Protective Order and were properly required to comply. (Id.)

After review, the Court notes that Judge Crawford's orders improperly characterize the parties Joint Motion as seeking to dispute and change Plaintiffs' chosen designations. Consequently, the Court finds Judge Crawford placed an incorrect emphasis on Defendants' failure to comply with the challenge procedure provided in the Protective Order. (See ECF No. 38, at ¶ 11.). While Defendants would be required to follow the challenge procedure if they sought to change or dispute Plaintiffs' chosen designations, they are not required to follow it if, as is the case here, they only seek to compel Plaintiffs' compliance with the Protective Order in making their initial designations. "The duty of good faith in the protective order is a duty to review the documents in good faith *before* designating them as ['Confidential'] or 'Attorney's Eyes Only.'" Paradigm Alliance, Inc. v. Celeritas Techs., LLC, 248 F.R.D. 598, 605 (D. Kan. 2008). Thus, if Plaintiffs fail to meet their initial burden to designate documents with care, and in good faith, by over-designating documents, it would be improper to shift this burden to Defendants by requiring them to challenge to each specific document. See Humphreys, 2006 WL 3020902, at *2. Accordingly, as similarly requested by Defendants, several courts addressing this situation have compelled compliance with the Protective Order by the designating party and imposed sanctions. See id.; Paradigm Alliance, Inc., 248 FRD at 605; In re ULLICO Inc. Litigation, 237 F.R.D. at 318.

However, although Defendants' properly challenged Plaintiffs' counsel's initial designation procedure by submitting their request to compel compliance, Judge Crawford validly found that Plaintiffs had in fact designated documents with care, and in good faith. Therefore, as Plaintiffs were found to have satisfied their initial burden in making their designations, there was no need to compel Plaintiffs' compliance with the Protective Order and Defendants were properly directed to follow the challenge procedure. Accordingly, the Court finds no "clear error" in Judge Crawford's refusal to compel Plaintiffs' compliance with the Protective Order in making their initial designations, and Defendants' objections to this finding are **OVERRULED**.

**3.  Judge Crawford's Refusal to Compel Plaintiffs' Testimony Regarding Confidentiality Designations was not "Clearly Erroneous"**

Defendants alternatively requested that the lawyers who designated Plaintiffs' documents be required to testify as to their compliance with the Protective Order's procedure and standard for making confidentiality designations. (ECF No. 240, at 7.) Defendants argue that in denying this request, Judge Crawford improperly concluded that their requested questions would intrude on attorney work product and information protected by attorney client privilege or the Protective Order. (Id. at 9-10.)

After review, the Court finds Judge Crawford's denial of Defendants' requested remedies was not clearly erroneous. Again, Judge Crawford properly ruled that Plaintiffs had designated documents in compliance with the Protective Order. As such, there was no need to permit further inquiry concerning Plaintiffs' confidentiality designations. Therefore, Defendants' objections to Judge Crawford's denial of their alternative requests to compel testimony concerning Plaintiffs' confidentiality designations are **OVERRULED.**

## CONCLUSION & ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.      Defendants' objections, (ECF No. 240), are **OVERRULED**; and

2.      Judge Crawford's Orders, (ECF Nos. 222, 223), are **AFFIRMED**.

DATED:  August 21, 2015

HON. GONZALO P. CURIEL
United States District Judge