FILED

2015 SEP -4   AM 10: 33

TV

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES W. BRADY and PATRICIA M. BRADY, <br><br> Plaintiff, <br><br> vs. <br><br> GRENDENE USA, INC., *a Delaware corporation*, and GRENDENE S.A., *a Brazil corporation*, <br><br> Defendant. | CASE NO. 12cv604-GPC(KSC) <br><br> **ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS RELATED TO DEPOSITION OF EXPERT WITNESS** <br><br> [Doc. 243] |

Before the Court is a Joint Motion filed by the defendants on May 6, 2015. [Doc. 194] By way of background, the parties have now filed 16 Motions and Joint Motions and nearly 3,200 pages of briefing and exhibits on substantive discovery disputes in this case. [Docs. 34, 68, 70, 74, 78, 88, 143, 161, 162, 172, 176, 179, 186, 194, 243, 345] The instant Joint Motion presents the defendants' request for a Court Order compelling the plaintiffs to reimburse the defendants for attorneys' fees and costs relating to the deposition of expert witness John Bernards in the amount of $15,951.50. [Doc. 243, p. 19]

1  Having reviewed and considered the Joint Motion, the accompanying
2  Declarations and Exhibits [Docs. 243-1, 248, 249, 259], and the applicable law, the
3  Court DENIES the defendants' request without prejudice.[1]

4  **A. Statement of Facts**

5  On January 30, 2015, the plaintiffs designated John Bernards to serve as an
6  expert witness. [Doc. 243-3, Ex. A, p. 4] The designation notice indicated that he
7  would provide testimony on the swimwear, beach wear and activewear industries, trade
8  shows and marketing. *Id.* On March 12, 2015, Mr. Bernards issued his expert report
9  on these topics. [Doc. 243-4, Ex. B, p. 3]

10  On April 10, 2015, defense counsel deposed Mr. Bernards at the office of
11  Knobbe Martens (plaintiffs' counsel) in Irvine, California. [Doc. 243-1, p. 3; Doc. 249-
12  2, Ex. 1, p. 3] Counsel for the plaintiffs attended the deposition. [Doc. 243-1, p. 3] The
13  deposition commenced at 10:19 a.m. and was terminated by plaintiffs' counsel at 7:47
14  p.m. [Doc. 249-2, Ex. 1, pp. 3, 10] Throughout the deposition, plaintiffs' counsel made
15  a number of speaking objections. [*E.g.,* Doc. 248-1, Ex. C, pp. 5, 12, 21-26, 39]
16  Plaintiffs' counsel also initiated approximately 12 breaks amounting to over two hours
17  of break time, not including a one-hour lunch break. [Doc. 243, p. 2; Doc. 243-1, pp.
18  3-9] At the conclusion of the nine and a half hour deposition, the videographer
19  informed the parties that they had been on the record for only six hours and seven
20  minutes of that time. [Doc. 249-2, p. 9]

21  On an unknown date after the deposition, plaintiffs' counsel made the decision
22  to withdraw Mr. Bernards as an expert witness. Today, the plaintiffs concede that Mr.
23  Bernards "was unable to testify on the subjects in his report and appeared to be
24  unqualified to provide testimony on these issues." [Doc. 243, p. 20] The plaintiffs
25  report – and the defendants do not dispute – that in view of their decision to withdraw

27  [1] The defendants submitted a DVD of excerpted clips of Mr. Bernards's
28  deposition. [Doc. 243-1, Ex. D] The Court finds that it has enough information to
resolve the discovery dispute based on the written materials alone, and declines to
watch the DVD.

1  Mr. Bernards as an expert, they did not request that the defendants pay Mr. Bernards
2  for his time at the deposition, as would normally be required under the parties' prior
3  agreement. *Id.*

4      In the instant Joint Motion, the defendants argue that the plaintiffs should be
5  compelled to reimburse them for defense counsel's travel time, preparation time, and
6  deposition costs in light of counsel's allegedly improper objections and frequent
7  breaks. [Doc. 243, pp. 8-19] The plaintiffs oppose the request, stating that defense
8  counsel has made similarly improper speaking objections at other depositions in this
9  case, and that numerous breaks were necessary because Mr. Bernards was suffering
10  from a very painful bout of sciatica during his deposition. *Id.* at 19-22

11  **B. Legal Standards**

12      Objections during a deposition "must be noted on the record, but the examination
13  still proceeds; the testimony is taken subject to any objection." FED. R. CIV. P.
14  30(c)(2). "An objection must be stated concisely in a nonargumentative and
15  nonsuggestive manner." *Id.* Furthermore, "[t]he court may impose an appropriate
16  sanction – including the reasonable expenses and attorney's fees incurred by any party
17  – on a person who impedes, delays, or frustrates the fair examination of the deponent."
18  FED. R. CIV. P. 30(d)(2).

19      The plain language of Rule 30(d)(2) indicates that the Court's inquiry is twofold.
20  First, the Court must determine whether a person's behavior has impeded, delayed, or
21  frustrated the fair examination of the deponent. FED. R. CIV. P. 30(d)(2). Second, the
22  Court must determine an appropriate sanction. *Id.* The Ninth Circuit provides District
23  Courts with wide discretion to fashion appropriate sanctions for discovery violations
24  under the Federal Rules. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,
25  1106 (9th Cir. 2001).

26  **C. Discussion**

27      In this instance, after reviewing the Joint Motion and the portions of Mr.
28  Bernards's deposition transcripts provided by the parties, this Court concludes that

Rule 30(d)(2) was potentially implicated when plaintiffs' counsel delayed the deposition by engaging in lengthy speaking objections and/or arguments with opposing counsel over the nature and form of questions during the deposition, and by taking multiple breaks during the course of Mr. Bernards's nine and a half hour deposition. The Court accepts plaintiffs' counsel's representation that Mr. Bernards was suffering from a painful flare of sciatica during the deposition that impeded his ability to concentrate and ultimately required him to prematurely terminate the examination. [Doc. 249-2, pp. 8-9] However, the defendants have pointed to two instances in the deposition transcript where it appears that plaintiffs' counsel urged the witness to take a break even when the witness said he did not require one. *See* [Doc. 248-1, Ex. C, pp. 39-40, 42] These on-the-record exchanges arguably belie counsel's representations today that Mr. Bernards was "calling" the frequency and timing of breaks taken during his deposition. [Doc. 248-1, Ex. C, p. 69] In sum, however, this Court concludes that the actions of plaintiffs' counsel during the deposition were not inappropriate.

This Court is mindful of the nature and history of this litigation. From the outset, both sides have chosen to conduct this litigation in an aggressive and confrontational manner. This Court has previously expressed its disinclination to order sanctions against one party when both parties share responsibility for the contentious tone of the litigation. *See* [Doc. 336, p. 6, n. 5] Had the parties been more inclined to compromise from the outset of this case, a number of the discovery disputes that have been presented to this Court (including the instant one) likely could have been resolved informally between the parties without judicial intervention.

Furthermore, plaintiffs' counsel's actions during Mr. Bernards's deposition are not dissimilar from delays caused by defense counsel's actions during other depositions. Today, the defendants complain about speaking objections and lengthy breaks. However, in the deposition of plaintiffs' swimwear industry expert, defense counsel engaged in similar speaking objections. [Doc. 259, Ex. 6, pp. 5, 7, 8, 9] On another occasion, defense counsel arrived 45 minutes late for an expert deposition

1  noticed to begin at 9:00 a.m. *See* [Doc. 243, p. 21; Doc. 249, Ex. 3, pp. 2-9] It would
2  be imprudent to award the defendants' request for fees and costs when previous
3  instances of similar delays have gone unsanctioned. To do so would not only be unfair
4  to the plaintiffs, but would also invite both parties to file motions seeking
5  reimbursement for all past and future violations Rule 30(d)(2), no matter how minor.
6  **D. Conclusion**
7  In conclusion, the Court declines to impose sanctions for the reasons discussed
8  above. Accordingly, the defendants' request for attorneys' fees and costs pertaining
9  to the deposition of Mr. Bernards is DENIED without prejudice. Both parties are
10 reminded of this Court's admonition regarding the appropriate conduct of counsel
11 during witness depositions, as articulated by the Court's April 16, 2015, Minute Order.
12 [Doc. 219]
13
14 IT IS SO ORDERED.
15
16 Date: August  3  , 2015
17
                    KAREN S. CRAWFORD
                    United States Magistrate Judge
18
19
20
21
22
23
24
25
26
27
28