1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

| | |
|---|---|
| JAMES W. BRADY and PATRICIA M. BRADY,<br><br>                                   Plaintiffs,<br><br>       v.<br><br>GRENDENE USA, INC., a Delaware Corporation, and GRENDENE S.A., a Brazil Corporation,<br><br>                                   Defendants.<br><br> AND RELATED COUNTERCLAIMS | CASE NO. 3:12-cv-0604-GPC-KSC<br><br>**ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S JULY 24, 2015 ORDER**<br><br>[ECF No. 345] |

18
19
20
21
22
23

     Before the Court is Plaintiffs' objection to the Magistrate Judge's July 24, 2015 discovery order ("MJ Order," ECF No. 336). Pl. Mot., ECF No. 345. On October 2, 2015, Defendants opposed. Def. Opp., ECF No. 401. On October 16, 2015, Plaintiffs replied. Pl. Reply, ECF No. 404. Based on the reasoning below, the Court **OVERRULES** Plaintiff's objections to the Magistrate Judge's discovery order.

### LEGAL STANDARD

24
25
26
27
28

     Under Federal Rule of Civil Procedure 72(a), aggrieved parties may file objections to the rulings of a magistrate judge in non-dispositive matters within fourteen days.  In reviewing a magistrate judge's order, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see*

*also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002).  Consequently, discretionary orders, such as those denying discovery, "will be overturned only if the district court is left with the definite and firm conviction that a mistake has been made."  *Ctr. for Biological Diversity v. Fed. Highway Admin.*, 290 F. Supp. 2d 1175, 1199–1200 (S.D. Cal. 2003) (*quoting Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997)).

## DISCUSSION

Plaintiffs argue that the Magistrate Judge erred in three ways: (1) ordering Made in Brazil to provide additional deposition testimony even though Defendants had not met and conferred with Plaintiffs following Made in Brazil serving written objections to Defendants; (2) ordering Made in Brazil to produce its confidential tax return; and (3) ordering Made in Brazil to produce its employment tax records. Pl. Mot. 7–10. The Court will address each objection in turn.

First, Plaintiffs argue that the Magistrate Judge erred in ordering Made in Brazil to provide additional deposition testimony because Defendants had not met and conferred with Plaintiffs following the service of written objections, and the Magistrate Judge had "ruled on March 27, 2015 that a party seeking to take a deposition must meet and confer with the deponent before the deposition to resolve any written objections served by the deponent." *Id.* at 7 (citing Order Denying Pl.'s Mot. to Reconvene Defs.' Rule 30(b)(6) Depositions; Denying Req. for Att'ys Fees [hereinafter "Previous MJ Order"], ECF No. 209). Violating her own "procedural rule," Plaintiffs contend, was clearly erroneous. *Id.* at 8.

Plaintiffs mischaracterize the Magistrate Judge's March 27, 2015 order.  While Magistrate Judge Crawford did fault Plaintiffs for failing to meet and confer with respect to the previous discovery dispute in that order, Judge Crawford did not announce a "procedural rule" that all parties must meet and confer prior to taking a deposition to resolve any written objections served by the deponent. Instead, Judge Crawford's admonition was situated in the context of the previous discovery dispute,

in which Judge Crawford was making the general observation that "the situation about which they now complain was created in large part by the actions and omissions of plainitffs' counsel," *including* the failure to meet and confer. *See* Previous MJ Order 5–6. Moreover, Judge Crawford's decision also rested on the separate ground that "plaintiffs' briefing suffers from a lack of clarity and specificity," such that "it is unclear from the plaintiffs' briefing which specific substantive areas in the Rule 30(b)(6) Notices the defendants failed to respond to." *Id.* at 5.

Second, Plaintiffs argue that Judge Crawford erred in ordering Made in Brazil to produce its confidential tax return for 2013. Pl. Mot. 8. Plaintiffs argue that the tax return is not relevant, because Plaintiff Brady had already testified regarding the contents of the tax return that they showed no sales, which is the information that Defendants had wished to obtain. *Id.* Since the contents of the tax return could only undermine Defendants' case if it turned out that they did show some sales, Plaintiffs argue, there was no reason to force Plaintiffs to produce it. *Id.* at 9. However, Plaintiffs overlook that the tax return could also *bolster* Defendants' case, by further supporting Mr. Brady's testimony with documentary evidence. Hence, it was far from "illogical," *id.*, for Judge Crawford to authorize the production of the tax return.

Third, Plaintiffs argue that Judge Crawford erred in ordering Made in Brazil to produce its employment tax records for 2013. *Id.* at 9. They argue that since under 15 U.S.C. § 1055 "the sale of trademarked goods by related companies inures to the benefit of the trademark owner," it is irrelevant whether the Bradys' daughter was an employee of Made in Brazil while she was selling the swimwear in 2013. *Id.* at 9. "The same rule that applies to corporate families," Plaintiffs urge, "should also apply to actual families." Plaintiffs cite no authority for their expansive view of the application of 15 U.S.C. § 1055. Under the broad scope of Fed. R. Civ. P. Rule 26, Judge Crawford did not clearly err in finding that proof of Miss Brady's actual employment status, as well as the related evidence that might derive therefrom, *see* Previous MJ Order 12,

1    were relevant evidence.[1]

2           Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' objections to Judge

3    Crawford's July 24, 2015 order, ECF No. 345, are **OVERRULED**.

4           **IT IS SO ORDERED.**

5

6    DATED:  October 30, 2015

7                                         HON. GONZALO P. CURIEL

8                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27    _____

28           [1] Since the Court overrules Plaintiffs' objections, the Court need not address Defendants'
      argument that Plaintiffs' objections are moot since they already complied with the discovery order. *See*
      Def. Opp. 3.