1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10   JAMES W. BRADY and PATRICIA          CASE NO. 3:12-cv-0604-GPC-KSC
     M. BRADY,
11                                        **ORDER:**
                          Plaintiffs,
12                                        **DENYING DEFENDANTS'**
                                          **MOTION FOR LEAVE TO AMEND**
13                                        **COUNTERCLAIM**

14                                        [ECF No. 374]

15       v.                              **GRANTING PLAINTIFFS'**
                                          **MOTION FOR LEAVE TO FILE**
16                                        **SURREPLY**

17                                        [ECF No. 410]

18                                        **GRANTING DEFENDANTS' EX**
                                          **PARTE REQUEST TO FILE**
19                                        **RESPONSE TO SURREPLY**
     GRENDENE USA, INC., a Delaware
20   Corporation, and GRENDENE S.A., a    [ECF No. 413]
     Brazil Corporation,
21                                        **GRANTING RELATED MOTIONS**
                          Defendants.     **TO SEAL**
22
     AND RELATED COUNTERCLAIMS            [ECF Nos. 377, 399, 406, 411, 416]
23

24

25       Before the Court is Defendants' Motion for Leave to Amend Counterclaim

26   ("Def. Mot."), ECF No. 374, as well as related motions Plaintiffs' Motion for Leave to

27   File Surreply ("Pl. Surreply"), ECF No. 410, Defendants' Ex Parte Request to File

28   Response to Surreply ("Def. Resp. to Pl. Surreply"), ECF No. 413, and Motions to

                                    - 1 -                    3:12-cv-0604-GPC-KSC

1  Seal, ECF Nos. 377, 399, 406, 411, and 416. The motion for leave to amend

2  counterclaim has been fully briefed. *See* Pl. Opp., ECF No. 397; Def. Reply, ECF No.

3  405; Pl. Surreply; Def. Resp. to Pl. Surreply.

4      For the foregoing reasons, the Court **DENIES** Defendant's Motion for Leave to

5  Amend Counterclaim, ECF No. 374; **GRANTS** Plaintiff's Motion for Leave to File

6  Surreply, ECF No. 410; **GRANTS** Defendants' Ex Parte Request to File Response to

7  Surreply, ECF No. 413; and **GRANTS** Parties' related Motions to Seal, ECF Nos. 377,

8  399, 406, 411, 416.

9                          **BACKGROUND**

10      On June 3, 2015, this Court granted Defendants' Motion for Summary

11  Judgement as to all five of the Plaintiffs' causes of action. Summ. J. Order 16, ECF No.

12  295. In the Summary Judgment Order, the Court also *sua sponte* found good cause to

13  consider whether Defendants' counterclaims should also be dismissed. *Id.* Following

14  briefing on the issue, the Court found on August 28, 2015 that Defendants' first

15  counterclaim for a declaratory judgment of noninfringement was moot, but declined to

16  dismiss Defendant's second counterclaim for a declaratory judgment of invalidity on

17  mootness grounds. Order Dismissing Without Prejudice Grendene's First Counterclaim

18  For A Declaratory Judgment of Noninfringement ("Order Dismissing First

19  Counterclaim") 12, ECF No. 358. Defendants' Motion for Leave to Amend

20  Counterclaim followed on September 4, 2015.

21      By the terms of the Magistrate Judge's February 11, 2014 Scheduling Order,

22  ECF No. 62, the deadline to amend the pleading or to file additional pleadings was

23  March 14, 2014. *Id.* at 1. This deadline was never amended. The deadline for all other

24  pretrial motions was May 9, 2015. September 26, 2014 Order Amending Scheduling

25  Order 22, ECF No. 138.

26                        **LEGAL STANDARD**

27      Under Fed. R. Civ. P. Rule 16(b)(4), a scheduling order "may be modified only

28  for good cause and with the judge's consent." In addition, Rule 15(a)(2) specifies that

1  for amendments to pleadings, if more than 21 days has passed since the pleading has

2  been served, "a party may amend its pleading only with the opposing party's written

3  consent or the court's leave. The court should freely give leave when justice so

4  requires." Thus, once the district court has entered a pre-trial scheduling order, a party

5  seeking to amend the pleading after the date specified in the scheduling order must first

6  show "good cause" for amendment under Rule 16(b), and then that amendment would

7  be proper under Rule 15. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,

8  608 (9th Cir. 1992) (citations omitted). In *Johnson,* the Ninth Circuit set out the

9  standard for "good cause" under Rule 16(b):

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. . . . [C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

14  *Id.* at 609 (citations omitted).

**DISCUSSION**

**I.    Defendant's Motion for Leave to Amend Counterclaim**

17       Grendene seeks to amend their counterclaim in order to plead fraud with

18  particularity. Def. Mot. 1. They argue that they meet the "good cause" standard because

19  they "could not have amended [the] counterclaim prior to the Scheduling Order's

20  March 14, 2014 deadline." *Id.* at 4. Grendene argues that they did not receive

21  deposition testimony concerning Plaintiffs' 2013 sales from the Bradys' daughter,

22  Patricia Brady, until November 14, 2014, and from James Brady until January 8, 2015.

23  *Id.* at 4–5. Moreover, Grendene argues that they did not receive Plaintiffs' 2013 tax

24  records, which confirmed James Brady's testimony concerning Plaintiffs' 2013 sales,

25  until August 28, 2015, and that there was still a deposition scheduled to be conducted

26  upon James Brady to provide additional information as to Plaintiffs' sale of products

27  on October 2, 2015. Def. Mot. 5–6.

28       The Bradys reply that Grendene first set forth their fraud theory on October 2,

1   2015, when they filed their Supplemental Response to Plaintiffs' Interrogatory No. 10

2   ("Def. Interrog. Resp."), ECF No. 398-6. Pl. Resp. 7–8.[1] Moreover, Plaintiffs argue that

3   Grendene did not need the 2013 tax records produced in August 28, 2015 or any further

4   evidence produced in discovery to plead their fraud claim with particularity, because

5   the Bradys' deposition testimony had already provided the factual basis Defendants

6   were seeking. Pl. Resp. 12.[2]

7        Defendants have failed to pursue their amendment with diligence. The record as

8   described demonstrates that as of October 2, 2014, Defendants had already articulated

9   their theory of fraud. Even if the Court accepts Defendants' argument that it was not

10   until January 8, 2015 that James Brady's deposition provided the factual basis to plead

11   fraud with particularity, Defendants cannot explain the more than eight month delay

12   in filing their Motion for Leave to Amend Counterclaim. Indeed, it seems that it was

13   not until the matter was alluded to in a cursory footnote by Plaintiffs that Defendants

14   were alerted to the perceived deficiency in their pleadings. *See* Def. Mot. 7 (citing

15   Plaintiffs' July 7, 2015 Response in Opposition to Defendants' Ex Parte Motion for

16   Leave to File Motion for Summary Judgment as to Second Counterclaim ("Pl. July 7,

17   2015 Resp.") 13 n.10, ECF No. 321).

18        Moreover, at this point, not only has the deadline for amending the pleadings

19   passed, but so have the deadlines for (1) any other motions; (2) additional briefing on

20   the counterclaims; and (3) the first Pretrial Conference hearing. ECF No. 419.

21   Granting Defendants' motion would throw the pretrial proceedings into even further

22   disarray than they have already been put by the actions of both parties' counsels. *See*

23   Minute Entry for October 30, 2015 Pretrial Conference Proceedings, ECF No. 419

24

25      [1] In this interrogatory response, Grendene alleged that "in direct contradiction" to Plaintiffs' May 20, 2013 renewal declaration to the United States Patent and Trademark Office, wherein Plaintiffs

26   declared that the contested marks were in use in commerce, "Plaintiffs made no sales of any products under the IPANEMA mark in 2013," and "Plaintiffs made no sales of any products under the THE GIRL FROM IPANEMA mark in 2013." Def. Interrog. Resp. 6.

27

28      [2] Parties also dispute when James Brady "completed" deposition testimony. *Compare* Def. Mot. 4 *with* Pl. Resp. 8. The Court finds that Mr. Brady gave the relevant testimony about Plaintiffs' 2013 sales in January 8, 2015. *See* Brady Dep. 492:9–11, ECF No. 400-1.

1  (rejecting parties' proposed Pretrial Order, ordering resubmission, and reprimanding

2  both parties' counsels for their unprofessional behavior in this case heretofore).

3        Accordingly, Defendants' Motion for Leave to Amend Counterclaim is

4  **DENIED.**

5  **II.    Plaintiffs' Motion for Leave to File Surreply**

6        Plaintiffs suggest that the Court should enter judgment against Defendants on

7  the counterclaim because the Court previously held in its summary judgment ruling that

8  the 1995 settlement agreement is binding on the parties, and that settlement agreement

9  should be understood to bar Defendants' counterclaim. Pl. Surreply 4–5. A decision to

10  grant or deny leave to file a surreply is generally committed to the "sound discretion"

11  of the court. *Mitchell v. Donahoe*, 2013 WL 4478892, at *10 (D. Ariz. Aug. 21, 2013).

12  The Court **GRANTS** Plaintiffs' motion for leave to file surreply, ECF No. 410, as well

13  as Defendants' ex parte request to file a response to the surreply, ECF No. 413.

14        However, the Court **DENIES** Plaintiffs' request to enter judgment on

15  Defendants' counterclaim on the basis of a suggestion contained in an opposition to a

16  motion to amend counterclaim. Such a request essentially constitutes a motion for

17  summary judgment or motion for judgment on the pleadings on the part of Plaintiffs.

18  Since the scheduling order deadline for filing all pretrial motions passed on May 29,

19  2015, such a motion would be subject to the same "good cause" standard as

20  Defendants' motion to amend.

21  **III.    Motions to Seal**

22        Parties have moved to seal various documents filed in support or opposition of

23  Defendants' motion pursuant to the magistrate judge's previous protective orders. *See*

24  ECF Nos. 377, 399, 406, 411, 416. Where a court filing contains "business information

25  that might harm a litigant's competitive standing," the court may properly deny public

26  access. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978).

27        The Court finds that both parties have met their burden. All the documents and

28  deposition testimony contain either Plaintiffs' or Defendants' confidential business

1 | information such as profit and loss data as well as contractual agreements. Accordingly,

2 | the Court **GRANTS** the parties' motions to seal.

3 | **CONCLUSION**

4 | For the foregoing reasons, **IT IS HEREBY ORDERED** that:

5 | 1. Defendant's Motion for Leave to Amend Counterclaim, ECF No. 374, is

6 | **DENIED**;

7 | 2. Plaintiff's Motion for Leave to File Surreply, ECF No. 410, is **GRANTED**;

8 | 3. Defendants' Ex Parte Request to File Response to Surreply, ECF No. 413, is

9 | **GRANTED**;

10 | 4. Parties' related Motions to Seal, ECF Nos. 377, 399, 406, 411, 416, are

11 | **GRANTED**.

12 | **IT IS SO ORDERED.**

14 | DATED: November 6, 2015

HON. GONZALO P. CURIEL
United States District Judge

3:12-cv-0604-GPC-KSC